## THE KNICKERBOCKER AND NEVADA SILVER MINING COMPANY, RESPONDENT, v. A. H. HALL, APPELLANT.

An express promise to pay a certain sum of money as damages for a tort previously committed would create a contract upon which an action might be maintained; but the law does not presume a promise to pay from the tort itself.

It is as necessary, under our system of practice, to maintain in pleadings the distinction between actions arising out of torts and those growing out of contracts, as it was under the old practice.

If the pleading be upon contract, a recovery should not be allowed if the proof be of a trespass, from which there could be no presumption of a contract.

In all actions for the recovery of money, the jury should always find the amount which the successful party is entitled to recover. A mere finding for the plaintiff, without assessing the sum to be recovered, is not sufficient. As the value of the property at the time of the conversion is not the true measure of damage, a general finding of its value is not a sufficient assessment of the sum of money to be recovered by the successful party in an action for the wrongful conversion of such property.

A special verdict must expressly present all the material facts, so that nothing shall remain for the Court but to draw from them the conclusions of law.

APPEAL from the District Court of the Second Judicial District, Ormsby County, Hon. S. H. WRIGHT, presiding.

The facts are sufficiently stated in the opinion of the Court.

*Geo. A. Nourse* and *A. C. Ellis*, for the Appellant.

The verdict in this case fails to comply with the statute, in that the jury finding for the plaintiff in an action for the recovery of money, fails to find the amount of that recovery. (Laws of 1861, 343, Sec. 176.)

Under this statute it is made the duty of the *jury* to " find the amount of the recovery." The *Court* is not allowed to do it. It is no compliance with this requirement for the jury to furnish the *data* on which the Court may find this amount. Even at common law the jury must find the amount of the recovery.

Our statute is too explicit to be possibly misunderstood.    (See form of Postea at law; Stephens on Pleading, pp. 87–8 ; and form of judgment based thereon, p. 114; showing that the jury must always assess the damages.)

Even had the defendant in this action been defaulted, the damages must have been assessed by a jury, unless the examination of a long account were necessary, in which case a referee must examine and report.    (Laws of 1861, 339, Sec. 150, subd. 2.)

So also if the defendant had only denied the value of the property, admitting by his silence the other allegations of complaint.

But this verdict fails even to furnish the data for an assessment of damages by the Court, if that were allowable.    It does not show the value of the property at the time of taking.

The plaintiff showed no cause of action, in that the complaint does not allege that the pretended wrongful acts of defendant have damaged plaintiff.

The allegation of indebtedness, and a " legal promise to pay " from the facts pleaded, is simply absurd.

The verdict is in no sense a special verdict, as defined in Sec. 174 of the Civil Practice Act; nor is it claimed to be by the respondent.

It is palpably a blunder of the jury, drawn by some juryman who had sat on a jury in an action for recovery of possession of personal property, and had there learned the form of a verdict in such an action.    (See Sec. 177 of Civil Practice Act.)   He evidently imagined that to be the proper form of a verdict in all civil actions. But his mistake does not change the law.    The verdict is as fatally defective in this action as a verdict for so much money would be in such action.

*Robert M. Clarke*, for Respondent.

The verdict is responsive to the issues made by the pleadings. The only controversy was as to the *ownership and value* of the property—the *value* being the measure of damages demanded for the conversion.

The jury find generally for the plaintiff, and determine the value of the property to be $6,308.    This finding is neither ambiguous,

insufficient, nor uncertain. It covers *all* the issues, and may be easily understood by the Court.

A verdict, however informal, is good, if the Court can understand it. (Hillyard on New Trials, 107, Secs. 19, 20, 21, 22, 22*a*; 12 Ind. 274; 16 Conn. 346; 2 Met. (Ky.) 88; 9 Foster, 63; 10 N. H. 514.)

The verdict of a jury is sufficient, although it be informal, and do not find in terms the issue submitted to them, if it find the very matter on which the issue depends and from which it is necessarily concluded. (39 N. H. 247.)

The complaint states a good cause of action. Under the code, all *forms* of action are abolished; or more correctly speaking, all forms of action are merged into *one*, and all technical averments are swept away.

It is now only necessary to plead the *facts*, and if the facts pleaded constitute a cause of action, the complaint is good.

The objection to the complaint taken in this Court, for the first time, is that no " demand " is averred. Generally, the averment that the defendant did " wrongfully and unlawfully convert the said goods and chattels to his own use and benefit," is sufficient. (See form in Nash's Practice, 246, and note of Judge Nash on p. 247.)

But granting the objection good on demurrer to the complaint, it is not available in this Court at this time:

1st. Because the defective averment is cured, and supplied by the answer of the defendant, *which admits a sale of the property by the defendant.*

If a defendant rightfully in possession of goods, sells them, this is a conversion; and in such case it is unnecessary to allege " demand," the averment of sale being sufficient. (14 Mass. 157; 9 Pick. 62; 12 Pick. 521; Van Sandfordt's Pleadings, Vol. 1, p. 276; Vol. 2, p. 492; 3 Wend. 406; 10 Wend. 389.)

While the complaint does not specifically aver that the " defendant sold," etc., the answer admits the sale, and thus aids the complaint and cures the defect. (Chitty Pl., Vol. 1, p. 672; Van Sandfordt's Pl., Vol. 2, p. 832.)

2d. The objection is cured by verdict, and cannot be taken advantage of for the first time in the Appellate Court. (16 Mass.

p. 94; 17 Mass. 229; 9 Mass. 198; 10 Cal. 561; 21 Cal. 576.)

The omission of the allegation of a " wrongful taking," in replevin, is cured by verdict. (1 Minn. 134.)

After going to trial without objection, a party cannot object to pleadings which might have been remedied by amendment. (10 Ohio, 493.)

If a declaration, though not strictly formal, set forth a substantial cause of action, and the defect be one that was amendable in the Court below, it is cured by the verdict. (34 Penn. 324; 9 Ohio, 43; 35 N. H. 357.)

The grounds of appeal are technical and without merit, and it is greatly to be hoped that the verdict of a jury will not be disturbed, and the judgment of a Court reversed, for the unsubstantial reason that the jury in a case where the value of the property in controversy furnished the only legal measure of damages under the pleadings, found the " value of the property," etc., instead of finding formally the " damage of the plaintiff," etc.

Opinion by LEWIS, J., BEATTY, C. J., concurring.

This action was brought to recover the value of certain personal property alleged in the complaint to have been " wrongfully and unlawfully converted " by defendant to his own use and benefit. After this allegation of a tortious conversion, follows the averment that the defendant " did then and thereby become indebted to the said plaintiff for the price and value of said property, to wit: in the sum of eight thousand three hundred and twenty-nine dollars and ninety-eight cents, (the alleged value of the chattel property) which said sum the said A. H. Hall then legally promised and agreed to pay to the plaintiff." This pleading is decidedly novel in its form, and, as a complaint in assumpsit, is vitally defective. The tortious conversion is fully charged; and it is alleged that thereby, that is, by means of the trespass, the defendant became indebted and promised to pay. The only inference to be drawn from the language employed by the plaintiff is, that a promise to pay for the value of the property was implied by reason of the wrongful conversion by him. An express promise to pay a certain sum of money

as damages for a tort previously committed, would doubtless create a contract upon which an action might be maintained, but most clearly the law will never presume a promise or agreement to pay from the tort itself. (*Carson River Lumbering Company* v. *Bassett et als.*, 2 Nev. 249, and cases there cited.)

Though the old rules of pleading have been much relaxed by codes of Procedure and Practice Acts, yet the substance of the old pleadings is still required, and it is as necessary under our system to maintain in the pleadings the distinction between actions arising from torts and those growing out of contracts, as it was at Common Law, for this reason if no other: that the Court may know whether a counter claim is or may be properly pleaded or not. Under our practice, a counter claim arising upon contract cannot be pleaded by a defendant to an action brought to recover damages for a trespass. Nor can unliquidated damages arising out of a tort be pleaded as a counter claim in an action brought upon contract.

By the forty-seventh section of the Civil Practice Act it is provided that a counter claim must be—

" First—A cause of action arising out of the transaction set forth in the complaint or answer, as the foundation of the plaintiff's claim or defendant's defense connected with the subject of the action.

" Second—In an action arising upon contract, any other cause of action arising also upon contract and existing at the commencement of the action."

Hence as the defense which the defendant is permitted to make may to some extent depend upon the character of action made out by the complaint, the plaintiff should be compelled to show clearly by his pleadings whether his action is based upon tort or contract. If he pleads a contract, he certainly ought not to be allowed to recover by the proof of a trespass, or of facts from which there could be no presumption of a contract. If he were allowed to recover by proving a tort when he has pleaded a contract, the defendant might be deprived of most material rights; because notwithstanding he may have had a valid claim upon contract against the plaintiff, he could not properly plead it as a counter claim in an action brought against him to recover unliquidated damages. Facts

should not therefore be so stated in a pleading as to render it uncertain whether the complainant's action is upon contract or tort. Because, under our practice, the pleadings are to be liberally construed, with a view to substantial justice between the parties, it does not follow that the substantial rules of pleading can be disregarded and that every hotch-potch of inconsistent facts indorsed " complaint," or " answer," is to be deemed a sufficient pleading.

If the allegation of indebtedness and promise to pay could be treated as surplusage in the plaintiff's pleading in this case, it would not even then perhaps be sufficient as a complaint in the nature of trover, which is probably the action that should have been brought. But as the defects in the complaint are possibly not of a character to be taken advantage of on appeal, we only refer to them for the purpose of suggesting an amendment before the cause is again tried.

Whatever may be the character of the action, whether it be in the nature of trover or assumpsit, the verdict of the jury is evidently informal and defective.

In all actions for the recovery of money, the jury should always find the amount which the successful party is entitled to recover. A mere finding for the plaintiff or defendant without assessing the sum to be recovered is not sufficient. In this case the jury returned the following as their verdict: " The undersigned jurors in the above entitled cause find a verdict for the plaintiff, and assess the value of the property at six thousand three hundred and eight dollars."

The general finding for the plaintiff was doubtless sufficient upon all the issues raised by the pleadings except the amount of money which he was entitled to recover. Instead of that the jury found the value of the property. So far as the damages to be recovered by the plaintiff are concerned, the verdict is special. One fact is found which is indispensably necessary to be ascertained in assessing the damages in a case of this kind: that is the value of the property tortiously converted. Its value at the time of conversion is usually the least sum which the plaintiff is entitled to recover. But its value at any other time may be much more than he is entitled to recover. If there were no fluctuation in the value of personal property, a finding of its value upon such pleadings as those which

are presented to us would perhaps be a sufficient assessment of the damages to be recovered, because the successful party would in such case be at least entitled to the value of his property.   But as the Courts recognize the fact that the value of personal property is liable to fluctuation, the measure of damage in a case of tortious conversion is usually its value at the exact time of conversion.   It is clear that the property in question may have been worth double or treble the sum a week before the conversion that it was at the time of conversion.   Hence the time when the value of the property is fixed or ascertained, was a most material fact to enable the jury or the Court to arrive at the correct sum to be awarded as damages.   The jury, instead of presenting the general conclusion —that is, the amount to be recovered by the plaintiff—simply found and returned one of the collateral facts (the value of the property) upon which their general conclusion would necessarily have been based.   That finding may or may not be the correct measure of damage.

Six thousand three hundred and eight dollars may have been the value of the property at the time of conversion, or at any other time.   There is nothing in the verdict of the jury to make it certain that that is the correct amount for which the plaintiff should have judgment.   The Court cannot presume that the sum assessed was the value of the property at the time of conversion.   A special verdict must expressly present all the material facts, so that nothing shall remain to the Court but to draw from them the conclusions of law.   (Practice Act, Sec. 174.)   And such facts should be found, that the Court may be satisfied beyond a reasonable doubt that the conclusion which it draws from, and the judgment which it renders upon them, is correct and proper as between the parties.   Had the jury in this case found the value of the property *at the time of the conversion*, we should be disposed to hold the verdict sufficient; but as it is, it is altogether too uncertain and defective.

Judgment reversed, and new trial ordered.

The Knickerbocker and Nevada Silver Mining Company *v.* Hall.

UPON REHEARING.

Opinion by LEWIS, J., BEATTY, C. J., concurring.

As we were not very thoroughly convinced that we were correct in the conclusion arrived at in the first opinion rendered in this case, we permitted a reargument; but, after a full discussion as to the sufficiency of the verdict, we are still inclined to adhere to our former decision, believing it to be correct.

Section 176 of the Practice Act declares that " when a verdict is found for the plaintiff in an action for the recovery of money, or for the defendant when a counter claim for the recovery of money is established, exceeding the amount of the plaintiff's claim as established, the jury shall also find the amount of the recovery." Does the verdict of the jury in this case meet the requirement of this section? Did the jury find the amount of the recovery? Certainly not. If it could be assumed that the jury found the value of the property at the time of the unlawful conversion, such finding would perhaps be sufficient as a special verdict upon which the Court could render judgment; (Practice Act, Sec. 174) or it might be sufficient as a general verdict, for it would be a finding of the amount of money which the the law absolutely makes the exact measure of damage. But such fact cannot be assumed to aid a defective verdict; therefore, as the complaint does definitely fix the time of conversion, and the finding is simply of the value, without stating the time at which such value was fixed, it is left uncertain as to whether the value as found by the jury is the correct measure of damage or not. Hence, the finding of the jury is not sufficient as a general verdict, because it does not find " the amount of the recovery," nor any data absolutely fixing that amount; neither is it sufficient as a special verdict, for the reasons which were stated in the original opinion in this case.

Our former judgment is affirmed.

JOHNSON, J., having been counsel in the Court below, does not participate in this response.