Lake, Ch. J.
The plaintiff’s appeal from the judgment of the justice of the peace was well taken, and ought to have been sustained. It appears that the j udgment was rendered on the twentieth of February, 1875. There was some dispute as to whether the undertaking in appeal was filed with the justice on the twenty-third of February or on the first day of March. But it is not worth the while to spend any time on this point, for either day is within the time allowed by law for that purpose.
The transcript was filed in the clerk’s office of the district court, on the fifteenth day of March, 1875, and the first term of the district court, next after the rendition of the judgment appealed from, was fixed for the first *377 Monday in April; so that there was no default in tliese two most essential requisites of an appeal.
Rut it is contended on the part of the defendant that, in order to entitle the plaintiff' to a review of the action of the district court in dismissing the appeal, an exception should have been taken and made part of the record by a proper bill of exceptions. Several authorities in support of this position are cited, and such is the practice in Indiana and Wisconsin.
In Commercial Bank v. Buckingham, 12 Ohio State 402, it was held, that in order to obtain a review of a final judgment or order, no exception is necessary. See, also, Powell on Appellate Proceedings, 215, Sec. 9, where such an exception is declared to be not only unnecessary, but highly impertinent. And this, I apprehend, is the better practice. Nor was there any necessity for a formal bill of exceptions in order to bring the alleged error into the record. The motion to dismiss the appeal was in writing, specifying particularly the grounds upon which it was based. The court, in sustaining this motion, held that the alleged grounds were sufficient to dismiss the case out of court, thereby leaving the judgment of the justice of the peace in full force. And this judgment of dismissal, which was a final judgment, was entered at length in the journal, whereby the whole matter was preserved, and is now brought before us, just as effectually as could possibly have been done by a formal bill of exceptions.
In the case of Smails v. White, decided at this term, {Ante,page 353) we held the act of February 24th, 1875, regulating appeals from the judgments of probate judges, and justices of the peace, to be unconstitutional; therefore that act can have no effect on this question. The judgment of the district court is reversed, and plaintiff’s appeal re-instated.
Judgment reversed.