Black v. Winterstein.

JOHN BLACK, PLAINTIFF IN ERROR, v. WILLIAM WINTER-
STEIN, DEFENDANT IN ERROR.

1. **Practice:** EXCEPTION TO CHARGE TO JURY. In order to obtain a review in this court of instructions given to a jury in the court below, in civil cases especially, it is necessary that they be excepted to at the time when given. And the rule is the same when a proper instruction tendered by a party is rejected by the court.

2. ———: TO FINAL JUDGMENT EXCEPTION NOT NECESSARY. It is not necessary that exception be taken to a final judgment to entitle a party to have it reviewed.

3. **Replevin:** JUDGMENT FOR DAMAGES. The judgment for damages in favor of the defendant in an action of replevin must conform in amount to the finding of the jury, and when the verdict is silent on this point judgment cannot be rendered for any amount whatever.

4. ———: While the value of property replevied is, in some cases, the just measure of damages to which a party is entitled, still a formal assessment of damages should never be omitted when proper to be allowed.

5. ———: MEASURE OF DAMAGES: Where the defendant in replevin lawfully held the property by virtue of a levy for the satisfaction of taxes which he was required to collect, the measure of damages, within the value of the property, was the amount of the taxes and legal costs and charges in making the collection.

ERROR from the district court for Cass county. The facts appear in the opinion.

*Cobb, Marquett & Moore,* for plaintiff in error.

*Chapman & Sprague,* for defendant in error.

LAKE, CH. J.

Although the instructions given to the jury by the court upon its own motion were in some respects clearly erroneous, and probably led to the return of an insufficient verdict, yet as no exception was taken at the time they will not now be considered.

In civil actions especially, in order to obtain a review in this court of instructions given to a jury upon the trial in the court below, it is absolutely necessary that they be excepted to when given. And the rule is the same when a proper instruction is tendered by a party and erroneously rejected by the court. The only one of the alleged errors which we can notice, therefore, is that which relates to the final judgment rendered upon the verdict of the jury. As to this no exception is necessary to entitle a party to a review. *Commercial Bank of Cincinnati v. Buckingham*, 12 Ohio State, 402.

The action in the court below was in replevin, and was brought for the recovery of the possession of a horse of which the plaintiff claimed to be the owner. Upon issue joined, the property having been delivered to the plaintiff, the jury simply found "*the right of possession*" in the defendant, and thereupon assessed "the value of the property at one hundred and ninety dollars." There was an entire omission to assess any "*damages*" whatever in favor of the defendant, and yet the court proceeded to render judgment in his favor for one hundred and thirty-five dollars, a *remititur* having been entered upon the valuation by the jury of all over that amount.

Section one hundred and ninety-one of the code of civil procedure requires that, " in all cases, when the property has been delivered to the plaintiff, where the jury shall find upon issue joined for the defendant, they shall also find whether the defendant had the right of property, or the right of possession only, at the commencement of the suit; and if they find either in his favor, they shall assess such damages as they think right and proper, for which, with costs of suit, the court shall render judgment for the defendant."

It is apparent from this, that the damages adjudged in favor of the defendant must conform in amount precisely to the finding of the jury, and when the verdict

17

is silent on this subject there is no authority for the court to render judgment for any amount whatever.

It is quite probable that the court regarded the valuation of the property as equivalent to an assessment of damages, and so treated it. But this was a mistake. The valuation of property is one thing, and the assessment of damages quite another. It is true that in some cases, but by no means in all, the value of property replevied is the just measure of damages to which a party is entitled, but still they should never be confounded either in the instructions given to the jury or in the verdict rendered. If the jury had found the right of property, as well as the right of possession, in the defendant, then the true measure of damages would have been its fair market value. But on the question of ownership the jury found against the defendant, and for aught that appears they found him entitled to the mere naked possession of the horse, which would only have entitled him to nominal damages. If, however, as there is some testimony to show, the defendant had levied upon the horse, and had him legally in his possession for the satisfaction of taxes which he was required by law to collect, then the true measure of his damages, within the value of the horse, was the amount of the taxes, and legal costs and charges in making the collection.

For the reason, therefore, that the judgment was not warranted by the verdict of the jury it must be reversed and a new trial awarded.

REVERSED AND REMANDED.