BARNABAS WELTON, PLAINTIFF IN ERROR, V. ANGELINE BELTEZORE, DEFENDANT IN ERROR.

1. **Error:** SUPERSEDEAS BOND. Ordinarily the filing of a supersedeas bond is not essential to secure a review of a cause upon error. Such bond is only necessary if a stay of proceedings is desired pending the review of a judgment or final order.

2. **Final Judgment:** EXCEPTIONS. It is not necessary that exception be taken to a final judgment to entitle a party to have it reviewed.

3. **Replevin:** DAMAGES. Where the defendant in replevin lawfully held the property by virtue of a levy under an execution, the amount of which he was required to collect (the verdict being in his favor), the measure of his damages, within the value of the property, was the amount due upon the execution with legal costs and charges.

ERROR to the district court for Holt county. Tried below before TIFFANY, J.

*H. M. Uttley,* for plaintiff in error.

*Carlon & Gravor,* for defendant in error.

REESE, J.

The defendant in error commenced an action in replevin in the county court against plaintiff in error for the pos-

session of certain property levied upon by him as the property of the husband of defendant in error. The cause was tried to a jury, who returned into court their verdict, which was as follows:

"ANGELINE BELTEZORE,  
      v.  
BARNABAS WELTON.

" We, the jury, duly empaneled and sworn in the above entitled cause, find that the right of possession of said property, when this action was commenced, was in the defendant, and we assess the value of said property at the sum of $250.00. We also assess the damages sustained by said defendant by reason of the detention of said property at the sum of $00.

"JOHN N. MILLS,  
" *Foreman.*"

A judgment was rendered in the following form: "It is therefore considered by me that said defendant have a return of the property taken on said writ of replevin, or in case a return of said property cannot be had, then he recover of said plaintiff the value thereof, assessed at $250, and that he recover his damages for witholding the same, assessed at $00, and costs of suit, taxed at $32.80."

The plaintiff in that action—defendant in error here—then instituted proceedings in the district court by petition in error for the purpose of reversing the judgment of the county court, alleging as error the decision of the county court in rendering judgment against the plaintiff in the action for $250, or any other sum, and for the reason that the verdict of the jury did not respond to all the issues in the case.

In the district court the defendant, plaintiff in error in this court, moved the court to strike the petition in error from the files and dismiss the action for the reason that no supersedeas bond had been filed, and for the further reason that no exceptions had been taken in the county court,

This motion was overruled, and this ruling of the court is now assigned for error by plaintiff in error.

We know of no statute or rule of law which requires a plaintiff in error in this state to file a supersedeas bond as a condition precedent to a review of a judgment or final order, excepting in cases of collateral or auxiliary proceedings, where it is a necessary condition for procuring such review that some property or thing should be held by the process of the court pending such review, in order to make the judgment of the reviewing court effective. But where a judgment for money or the delivery of property is rendered against an unsuccessful litigant, if a stay of proceedings is required by the party seeking the review, he must file a supersedeas bond in order to secure such stay or suspension of proceedings. Otherwise the successful party may proceed to enforce the judgment, notwithstanding the action for review. Civil Code, §§ 588, 593.

The objection that no exceptions were taken to the judgment of the county court cannot be entertained. None was necessary. *Black v. Winterstein*, 6 Neb., 225. *Bank v. Buckingham*, 12 O. S., 224. *Morrow v. Sullender*, 4 Neb., 374. *Parrat v. Neligh*, 7 Id., 459. *Jones v. Null*, 9 Id., 257. There was no error in the ruling of the district court upon the motion.

The cause was then submitted to the district court upon the petition in error, whereupon the court rendered judgment reversing the judgment of the county court, and the cause was set down for trial in the district court. It is now alleged that there was error in this judgment. By reference to the verdict above quoted, it will be seen that the jury failed to find by their verdict as to who was the owner of the property in dispute. They simply found the right of possession of the property to be in the defendant. They also find the value of the property to be $250. But they nowhere find the value of the defendant's right of possession. Since, by the verdict, the defendant was not

the owner of the property its value became unimportant. The value of his right of possession, within the value of the property, was the true measure of his damages.

Section 191 of the civil code provides that, "In all cases where the property has been delivered to the plaintiff, where the jury shall find upon issue joined for the defendant, they shall also find whether the defendant had the right of property, or the right of possession only, at the commencement of the suit; and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant, for which, with costs of suit, the court shall render judgment for the defendant." By the next section (191a) it is provided that the judgment "shall be for a return of the property, or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property and costs of suit." The value of the property itself is one thing. The value of a right of possession is quite another. In the case at bar the value of the right of possession of plaintiff in error was, within the value of the property, the amount of his execution and costs. The jury should have found the value of this right. The judgment then could have been for the return of the property, or, if a return could not be had, for the correct amount of damages as ascertained by the verdict. As the verdict failed to comply with the law in these essential respects the court could not legally render a judgment thereon. *Black v. Winterstein, supra.* See also *Warner v. Hunt*, 30 Wis., 202.

It follows that the decision of the district court in reversing the judgment of the county court was correct, and the same is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.