M. H. BOWERS, PLAINTIFF IN ERROR, V. W. A. RICE, DEFENDANT IN ERROR.

1. **Verdict.** When by the verdict either party is entitled to recover money from the adverse party, the jury in their verdict must assess the amount of recovery.

2. ————: JUDGMENT. A verdict in an action to recover money was in the following form: "We, the jury, duly impaneled and sworn, do say that we find for the plaintiff." *Held*, Not to authorize a judgment for any sum whatever.

ERROR to the district court for Franklin county. Tried below before GASLIN, J.

*E. A. Fletcher*, for plaintiff in error.

*H. Whitmore*, for defendant in error.

MAXWELL, CH. J.

This is a petition in error to reverse the judgment of the district court of Franklin county reversing the judgment of a justice of the peace.

It appears from the record that in December, 1884, the plaintiff brought an action before a justice of the peace to recover from the defendant the value of a horse.

The facts are substantially as follows: That in January, 1884, the defendant sold to one William B. Carpenter the horse in controversy; that in March, 1884, Carpenter sold said horse to the plaintiff; that in each of said sales the price paid for the horse was $80; that afterwards one Rachel A. Hendricks claimed the horse in question by virtue of a chattel mortgage executed by a former owner of the horse prior to the purchase of the same by the defendant, which mortgage was duly recorded; that Hendricks recovered the horse from the plaintiff in an action of replevin. The plaintiff thereupon recovered a judgment against Carpenter for the sum of $120, the value of the horse and damages. Carpenter thereupon transferred his right of action against the defendant to the plaintiff to satisfy the judgment against himself. The plaintiff then brought this action upon said claim to recover the sum of $120, the value of the horse, with damages and costs. The defendant set up no counter-claim or set-off. On the trial of the cause the jury returned a verdict as follows: "We, the jury, being impaneled and sworn, do say that we find for plaintiff." The justice thereupon rendered judgment against the defendant and in favor of the plaintiff for the sum of $120 and costs. The defendant then took the cause on error to the district court, where the judgment of the justice was reversed and the cause held for trial, and this is the error complained of. The question presented is the authority of the justice to

37

render judgment for any sum whatever upon the verdict in question.

Section 295 of the code, which is applicable to cases arising before justices of the peace, provides that, "When by the verdict either party is entitled to recover money of the adverse party, the jury in their verdict must assess the amount of recovery." As the jury in their verdict made no finding that any sum whatever was due from the defendant to the plaintiff, there was no authority for the justice to render judgment for any sum whatever. *Ames v. Sloat*, Wright's Rep., 577. *Black v. Winterstein*, 6 Neb., 224. The district court did not err, therefore, in reversing the judgment of the justice and holding the case for trial. The judgment must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.