| 29 | 87 |
| 38 | 205 |

HENRY C. ARMSTRONG V. JOHN A. LYNCH.

[FILED MARCH 11, 1890.]

1. **Fraudulent Conveyances**: ATTACHMENT: SHERIFF'S INTEREST IN GOODS.  Where a sheriff had levied certain writs of attachment upon goods of a debtor, which it was claimed had been transferred to a fraudulent vendee, his interest in the goods within the value of the property levied on would be the amount due upon the writs with legal costs.

2. ———: ———: VERDICT: DEFECT: WAIVER.  Where the jury in returning a verdict in such case found the value of the property levied on, but not the special interest of the officer, no objection, however, was made because of the defect in the verdict

in the motion for a new trial, and the court having rendered
judgment in favor of the officer for the amount due upon the
writs and no more, the judgment will not be reversed for such
defect.

3. ———: ———: EVIDENCE examined, and *held*, to sustain the de-
fense that the plaintiff was not a *bona fide* purchaser.

4. ———: ———: ORDER NEED NOT APPEAR ON WRIT. Where,
upon the proper affidavit being made and filed, an order of at-
tachment upon a debt not due is obtained, such order need not
appear on the face of the writ of attachment.

ERROR to the district court for Frontier county. Tried
below before COCHRAN, J.

*W. S. Morlan, J. L. White,* and *Hall & Patrick,* for
plaintiff in error, cited: *Search v. Miller,* 9 Neb., 26;
*Philpott v. Newman,* 11 Id., 299; *Welton v. Beltezore,* 17
Id., 399; Code, secs. 199, 238.

*Geo. H. Stewart, J. L. McPheely,* and *E. A. Cook,* con-
tra, cited: *Temple v. Smith,* 13 Neb., 513; *Smith v. Sands,*
17 Id., 498; *Meyer v. Stone,* 21 Id., 717; *Williams v.
Eikenberry,* 22 Id., 210; *State, ex rel. Hershiser, v. Kin-
kaid,* 23 Id., 641; *Williamson v. Wachenheim,* 12 N. W.
Rep., 302; *Nelson v. Smith,* 28 Ill., 495; *Harrison v.
Jacquess,* 29 Ind., 208; *Chapel v. Clapp,* 29 Ia., 191; *Mc-
Donald v. Gaunt,* 30 Kan., 693; *Castro v. Illies,* 22 Tex.,
479; *Gardinier v. Otis,* 13 Wis., 460\*.

MAXWELL, J.

This is an action of replevin brought by the plaintiff
against the defendant, who was the sheriff of Frontier
county. The defendant's right to the possession of the
property is stated in his amended answer as follows:

"Defendant complains of the plaintiff, and alleges that
he, the defendant, is now, and was at the time this action
was commenced, the sheriff of the county of Frontier, state

of Nebraska; that shortly prior to the commencement of this action, to-wit, on August 9, 1887, one Christ Grabenstein was the owner and was in open possession of the certain stock of goods replevined in this action, and he, the said Christ Grabenstein, being then and there indebted in large amounts, to-wit, the sum of $5,000 and more to certain creditors, then and there, on the 10th day of August, 1880, with the intent to cheat and defraud his said creditors and with the intent to hinder and delay the said creditors in the collection of the said debts, sold, transferred, and conveyed by bill of sale the said stock replevied herein and certain other chattel property, to-wit, certain horses, colts, cattle and farm machinery, being all the chattel property owned by said Christ Grabenstein, and being of the value of $6,500 and more, to one J. L. Brott, without consideration, and with intent aforesaid; and he, the said J. L. Brott, did not take possession of said property; that on said August 10, 1888, the said J. L. Brott, with the fraudulent intent aforesaid, at the instance and procurement of the said Christ Grabenstein, and without consideration, sold and transferred the said property aforesaid to Elizabeth Grabenstein, the wife of said Christ Grabenstein, she, the said Elizabeth Grabenstein, not having any means with which to purchase the said property, and that the said Elizabeth Grabenstein did not take possession of said property; that on said August 10, 1888, the said Elizabeth Grabenstein, with the fraudulent intent aforesaid, and at the instance and procurement of the said Christ Grabenstein, and without any consideration, executed a chattel mortgage on the property aforesaid to the said J. L. Brott, to secure the pretended sum of $2,100; that on the 11th day of August, with the fraudulent intent to defraud the creditors of said Christ Grabenstein, and with the intent to hinder and delay the said creditors in the collection of their said debts, the said Elizabeth Grabenstein, at the instance and procurement of the said Christ Grabenstein, sold

and transferred the stock of goods in question, and replev-
ied in this action, to Henry C. Armstrong, the plaintiff
herein, the said plaintiff not paying any consideration there-
for, and well knowing of the several fraudulent transfers
and conveyances of the said property, and well knowing
that the said several transfers and conveyances aforesaid of
the said property, and the said conveyance to him as aforesaid
was made with the intent to cheat and defraud the cred-
itors of the said Christ Grabenstein, and to hinder and de-
lay the said creditors in the collection of their just claims.

"That on the 25th day of August, A. D. 1888, N. H.
Schuster *et al.* commenced an action in the district court of
said Frontier county, Nebraska, against the said Christ
Grabenstein on a certain note for $1,100 executed by said
Christ Grabenstein to one John Herron and by him, for
value, assigned and conveyed to said N. H. Schuster *et al.*;
that the said claim not being due the said plaintiffs filed the
proper affidavit and obtained the required order for the is-
suing of an attachment as provided by law, and the clerk
of said court thereupon issued an order of attachment
against the said Christ Grabenstein.

"That on the 25th day of August, 1888, Henry Fuhr-
man, one of the said creditors of said Christ Grabenstein,
commenced an action in the district court of Frontier
county against said Christ Grabenstein on three certain
promissory notes for the sum of $250 each, executed by
said Christ Grabenstein to one John Herron, and by him
assigned, for value, to said Henry Fuhrman; that two of
the said notes not being due, the said Henry Fuhrman
filed the proper affidavit and obtained the required order
for the issuing of an order of attachment against said
Christ Grabenstein, and the clerk of said court thereupon
issued an order of attachment as aforesaid and as provided
by law; that defendant thereupon proceeded with the said
several orders of attachment so issued, and levied the same
upon the stock of goods replevined herein as the property

of the said Christ Grabenstein, and took possession of said property thereunder and made due return thereof, and has a special property in the said stock of goods by reason of said orders of attachment, and was at the commencement of this action, and is now, entitled to the possession of said stock of goods aforesaid."

This answer was filed by leave of court during the trial and after a large part of the evidence was introduced; but no particular point seems to have been made on that ground.

The jury returned a verdict as follows:

"We, the jury in this case, being duly impaneled and sworn, in the above entitled cause do find that the right of possession of said property described in plaintiff's bill of particulars at the commencement of this action was in the defendant and that the defendant had a special property therein, and we assess the value of the said property at the sum of $3,148.24. We also assess the damages sustained by him by reason of the detention of said property at the sum of $1.        G. B. MAYFIELD, *Foreman.*"

It will be observed that while the jury found the value of the entire property, it did not find the value of the special interest of the defendant in the property. This interest, within the value of the goods, was to be measured by the attachments levied by him on the property, which the court, in rendering judgment, seems to have found to be the sum of $1,954.80, and rendered judgment for that amount in favor of the defendant in case a return of the property could not be had. This was irregular, and had the specific objection been made in the motion for a new trial, would be cause for reversing the judgment. The rule of damages in such case was very clearly stated by Judge REESE in *Welton v. Beltezore*, 17 Neb., 399; see, also, *Cruts v. Wray*, 19 Id., 582, and cases cited; *Williams v. Eikenberry*, 22 Id., 216.

No᷄ objection was made in the motion for a new trial to this defect in the verdict, and the matter is not discussed, except in a general way, in the brief of the attorneys of the plaintiff in error, and may be considered as waived.

The answer substantially states the facts as proved, and they pretty conclusively establish the claim that the plaintiff is not a *bona fide* purchaser and entitled to hold the property against the claims of creditors.

Objection was made to the introduction of the writs of attachment "for the reason that there is no recitation on the face of the writs showing that an order has been allowed for its issuance." · This objection was properly overruled. The statute requires the order "to specify the amount for which it is allowed, not exceeding a sum sufficient to satisfy the plaintiff's claim and the probable costs· of the action" (Code, sec. 240), but does not require the order to appear on the face of the writ, and the objection was not well taken. Besides, a portion of the debt was due and the objections could only apply to that portion not then due.

There is no material error in the record that can be reviewed in this proceeding, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.