## O. M. ENGLISH *vs.* J. D. GOODMAN.

Opinion filed Dec. 23rd, 1892.

**Trial—Verdict—Amendment by Court.**

In a case where the sole issue is plaintiff's right to recover anything of defendant, and where the amount due, if anything, is admitted by the pleadings, and where the jury returns a general verdict in favor of plaintiff, and against defendant, without fixing the amount of the recovery, it is not error prejudicial to the defendant for the court to order judgment for plaintiff for the amount admitted by the pleadings.

Appeal from District Court, Stutsman County; *Rose*, J.

Assumpsit by O. M. English against J. D. Goodman and another. Plaintiff had judgment, and defendants appeal.

Affirmed.

*Lewis T. Hamilton*, for appellants.

*S. L. Glaspell*, for respondent.

PER CURIAM. This case originated in justice's court, and was brought to recover $50 for work and labor performed under a special contract. At the trial in the District Court the jury returned a scaled verdict, as follows, omitting title: "We, the jury, find for the plaintiff, and against the defendants." Upon this verdict the court ordered judgment for plaintiff for $50, and costs. Defendants appeal, and insist that under § 5062, Comp. Laws, which provides that, where a verdict is found for plaintiff in an action for the recovery of money, the jury must also find the amount of the recovery; that the court was without authority to order any judgment. No doubt the more regular and orderly

N. D. R.—9.

method is to have the amount always stated in the verdict; but this statute never was intended to render a verdict that failed to state the amount a nullity in a case where the sole issue was plaintiff's right to recover anything, and where the amount was admitted by the pleadings. In this case, under the pleadings, the trial court would have been fully warranted in instructing the jury that, in case they found the plaintiff entitled to recover, they should fix the amount of his recovery at $50; or the court might, upon the return of the verdict, have ordered it amended in that respect. Under these circumstances, the court might well treat the verdict as amended, and order judgment. Such action in no manner prejudiced appellants. To put these parties to the expense of a new trial for so harmless an irregularity would be a reflection either upon legislation or judicial wisdom. For a very similar case, see *Hodgkins* v. *Mead*, 119 N. Y. 166, 23 N. E. Rep. 559. The judgment of the District Court is affirmed. All concur.