STRUCKMAN, Respondent, v. BROWN, Appellant.

(184 N. W. 977.)

(File No. 4988.  Opinion filed November 4, 1921.)

1. **Appeals—Error—Verdict—Finding "On All Issues at————— Dollars," Assigning Error Re Judgment Entry Involving Jurisdiction, Sufficiency of Assignment.**

An assignment of error in overruling objection to rendition of judgment upon a verdict finding for plaintiff, "upon all the issues" and assessing damages "at the sum of.............Dollars," presents a question for determination on appeal. So **held**, against the objection that, the verdict being incomplete, trial court was without jurisdiction to render judgment; this under Sec. 2521, Code 1919, providing that when verdict is found for plaintiff .in an action for recovery of money jury "must also find the amount of the recovery."

2. **Trial—Incomplete Verdict, Whether Cured by Pleadings, Whether Evidence Warranted Directing Verdict Under.**

Said verdict was incomplete under Sec. 2521, Code 1919; nor was it cured because of their being no issue in the pleadings as to the amount plaintiff was entitled to recover; there being a clear issue as to the agreement alleged in the complaint (being one for recovery of money paid for defendant's benefit), defendant having pleaded a genral denial and a specific denial of the agreement or that she borrowed from plaintiff any money, and alleging the moneys were paid in consideration of defendant's accompanying plaintiff to M; and because also the amount of the judgment as rendered is not the same as the amount sued for; and the omission of the amount in the verdict was fatal, and cannot be supplied by reference to pleadings—unless court can assume, in support of the judgment, that the evidence was such as to have warranted direction of verdict for the amount as rendered; verdict

not having been directed, and judgment rendered not purporting to stand on a finding of undisputed evidence, but reciting that plaintiff introduced evidence, in support of his cause of action," that defendant introduced "evidence in support of her defense," that jury, "returned a verdict, the material part of which is * * * 'we the jury * * * find for the plaintiff upon all the issues,' " judgment having been moved upon such verdict; trial court having rendered judgment on theory that verdict was a sufficient verdict.

McCoy, J., not sitting.

Appeal from Circuit Court, Codington County. Hon. WILLIAM N. SKINNER, Judge.

Action by A. J. Struckman, against Sarah DeGraff Brown, to recover for moneys alleged to have been paid out by plaintiff for defendant's benefit. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Sherin & Sherin,* for Appellant.

*M. J. Russell,* for Respondent.

(2)   To point two of the opinion, Appellant cited: Miles v. Ins. Co. (S. D.) 122 N. W. 250; Sonnesyb v. Akin (N. D.) 104 N. W. 1026; Bartle v. Planee (Iowa) 26 N. W. 88; 28 Encyc. of Law, 303, note; 22 Encyc. of Pl. & Prac. pages 907-10; Gaither v. Wilmer, 5 L. R. A. 576.

Respondent cited: English v. Goodman (N. D.) 54 N. W. 540; 38 Cyc. 1880.

WHITING, J.   Plaintiff alleged that, at the request of defendant and under a promise by her to repay him, he did pay out, part for her benefit and part for the benefit of a third party, five certain sums of money aggregating $275.30; that this money, together with interest thereon at 10 per cent., was to be repaid within three months; that no part had been repaid. Defendant pleaded a general denial; pleaded a specific denial that she made the agreement alleged by plaintiff, ever borrowed any money from him, or ever agreed to pay him any interest; and alleged that the moneys which plaintiff claimed were paid out for her benefit, were paid in consideration of her accompanying plaintiff to Minneapolis and with the understanding that defendant was not to repay the same. The cause was tried before a jury, which returned the following verdict:

"We, the jury * * * find for the plaintiff upon all the issues, and assess his damages at the sum of————dollars."

[1] Plaintiff moved for judgment. Defendant objected, among other grounds, upon the ground that such verdict was incomplete—it did not comply with the provisions of section 2521, R. C. 1919; and that, because thereof, the court was without jurisdiction to render judgment. The court overruled the objection, and rendered judgment· for $273.10 and costs. From such judgment defendant has appealed, assigning error in the overruling of the objections to the rendition of such judgment, and in the rendering of any judgment on such verdict. Respondent contends the assignments are insufficient to present any question on appeal. In this contention he is clearly in error. ·

Said section 2521 provides that:

"When a verdict is found for the plaintiff in an action for the recovery of money, * * * the jury must also find the amount of the recovery. * * *"

[2] It is clear that this verdict was incomplete; but respondent contends it should stand: (a) Because there was no issue in the pleadings as to the amount plaintiff was entitled to recover, if entitled to recover at all; and (b) because it must be assumed, in support of the trial court's action, that the evidence was such as to have warranted the trial court in directing a verdict for the amount of the judgment, and that, because of that fact, the court did not err in rendering such judgment.

In support of the first contention, respondent relies upon the case of English v. Goodman, 3 N. D. 129, 54 N. W. 540, decided by the Supreme Court of our sister state under a statute identical with said section 2521. That this case is not in point is disclosed by the opinion, wherein it is stated that:

"In this case, under the pleadings, the trial court would have been fully wararnted in instructing the jury that, in case they found the plaintiff entitled to recover, they should fix the amount of his recovery at $50 [the amount of the judgment entered by the court.]"

It thus appears that, in that case, the pleadings aided the verdict; in this case they do not, as there is a clear issue not only as to agreement, but also as to amount plaintiff is entitled to recover even if agreement was as claimed by him. Moreover, the amount of the judgment as rendered is not the same as the amount sued for. The case now before us is, in its facts, like

that of Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1027, also decided by the Supreme Court of our sister state, wherein a judgment on findings of the jury, which were incomplete because they failed to find the amount which plaintiff was entitled to recover, was set aside. The court held that this was not a general verdict under the above section, because it omitted to find any amount; and that it was equally essential that a special verdict find the amount. The court said:

"In this case the omission is fatal, and cannot be supplied by reference to the pleadings."

So it is in the case at bar, the omission "cannot be supplied by reference to the pleadings."

The omission is therefore fatal unless respondent is correct in his contention that this court must assume, in support of the judgment, that the evidence was such as to have warranted the trial court in directing a verdict for the amount of the judgment. The trial court did not direct a verdict, and the judgment rendered does not purport to stand upon any finding of the court that the evidence is undisputed, but recites that the plaintiff introduced "evidence in support of his cause of action;" that the defendant introduced "evidence in support of her defense;" that the jury "returned a verdict, the material part of which is, * * * 'We, the jury, * * * find for the plaintiff upon all the issues;'" that it was upon such verdict that judgment was moved; and that such motion was granted. It clearly appears that the trial court rendered judgment upon the theory that the verdict was a sufficient verdict. If there had been a recitation in such judgment reciting that it was undisputed under the evidence that plaintiff had expended the amount of the judgment, thus removing any issue thereon, there might be some claim that the verdict covered the other issues, and that the judgment should stand.

The judgment appealed from is reversed.

McCOY, J., not sitting.