## FOSTER v. FREMONT NATURAL GAS CO.*
### (No. 1341; June 9, 1927; 256 P. 665.)

TRIAL — VERDICT — AMBIGUITY OF FINDINGS—APPEAL AND ERROR—
EVIDENCE NOT REVIEWED WITHOUT BILL OF EXCEPTIONS—PRE-
SUMPTION THAT EVIDENCE SUSTAINS VERDICT, UNLESS EVIDENCE
PRESENTED BY BILL OF EXCEPTIONS.

1. Where plaintiff administrator claimed $46,580 damages in
   one cause of action for death, and for a second cause of
   action claimed $514.75 for medical and burial expenses,
   jury's verdict finding generally for plaintiff and as-
   sessing damages at $500 *held* not ambiguous, entitling
   plaintiff to new trial, since, in view of Comp. St. 1920,
   § 5782, providing that jury must assess damages, the
   general finding did not amount to finding $514.75 incon-
   sistently with the $500 assessment.

2. Where there is no bill of exceptions in the record, it is
   impossible to review the verdict in the light of the
   evidence.

3. On error, the presumption is that the verdict was based
   on evidence sufficient to sustain it, where the evidence has
   not been preserved and presented by a bill of exceptions.

*See Headnotes: (1) 38 Cyc. p. 1879 n. 28. (2) 4 CJ p. 133 n.
45; p. 532 n. 90. (3) 4 CJ p. 773 n. 5; p. 774 n. 6.

ERROR to District Court, Natrona County; V. J. TIDBALL,
Judge.

Action by William J. Foster, administrator of the estate
of William Fitzgerald, deceased, against the Fremont
Natural Gas Company. Judgment for plaintiff for less
than the amount claimed, and he brings error.

*John Dillon* and *G. J. Christie*, for plaintiff in error.

The petition is in two counts, one for damages, the
other for medical services and funeral expenses; the ver-
dict is general and does not cover the issues in the case;
38 Cyc. 1836; 27 R. C. L. 834. The verdict is for damages,
the inference being, damages to the estate; the second

cause of action was for the recovery of money expended; recovery can be had for medical and funeral expenses, paid by beneficiaries; 17 C. J. 1338; Brady v. How, 7 A. L. R. 1306. The verdict should be definite and certain; 38 Cyc. 1877. It should be an answer to all issues received; 27 R. C. L. 834. The verdict in this case is a finding for the plaintiff; Marrow v. Bonekrake, 34 L. R. A. (N. S.) 1149; Bank v. Bontcock, L. R. A. 1915 C. 534.

*Durham & Bachellor,* for defendant in error.

It was the province of the jury to assess and fix the amount of damages found; Gaither v. Wilmer, (Md.) 18 A. 590; 27 R. C. L. 858. A verdict, in similar form, was upheld in Laughlin v. King. (Wyo.) 133 P. 1073; without the evidence before the court, there is nothing to decide; 27 R. C. L. 834; 38 Cyc. 1836. A verdict is the answer of the jury concerning all matters and issues in the cause committed to them for trial; 38 Cyc. 1868. The jury not bound by the allegations of the petition; 5782 C. S. Even where plaintiff's evidence was undisputed, there was still a question for the jury; Fowle v. Parsons, (Ia.) 141 N. W. 1049. There was no objection to the verdict at the trial, and the point cannot be raised for the first time, on appeal; Innes v. Hay, (Wyo.) 203 P. 1091; Harris v. Hart, (Okla.) 151 P. 1038; Ellis v. Bank, (Ariz.) 172 P. 281; In re Hellier's Estate, (Cal.) 145 P. 1008; Pedersen v. Moore, (Idaho.) 184 P. 475. There is no reasonable cause for this proceeding in error, and a penalty should be assessed under the provisions of Section 6372 C. S.

Before BLUME, Chief Justice, METZ and RINER, District Judges.

RINER, District Judge.

This is a proceeding in error instituted by William J. Foster, as administrator of the estate of William Fitzgerald, deceased, plaintiff in error, to review a judgment of the District Court of Natrona County against the Fre-

mont Natural Gas Company, defendant in error, and for the sake of brevity the party first mentioned will be designated hereinafter as the "plaintiff," and the other as the "defendant."

Plaintiff's petition as filed in the lower court consisted of two alleged causes of action, the first of which set out in substance that the defendant had agreed to supply three buildings owned by one Collins with gas, and that a service gas line was laid to the rear of said buildings and connected with defendant's supply line; that from the service line pipes were extended into the several buildings, one of these pipes extending into a room in one of said buildings used as a restaurant kitchen which, prior to November 9, 1923, had for some time contained a cookstove in which a fire was constantly kept burning, a fact defendant knew; that the service pipe and the pipes leading to the buildings all had valves for turning off or on the gas supply; that on November 9, 1923, after the completion of the house piping for one of the other buildings, at the request of the occupant thereof, the defendant carelessly and negligently turned on the gas from its supply main without examining the valves in the building where the kitchen stove was located to ascertain whether they were closed or open, and without notifying the occupants of that building of the turning of the gas into the pipes; that the valve in said building was open and gas accumulated in the kitchen and an explosion ensued; that deceased was employed as cook in said kitchen and engaged in the performance of his duty there when the explosion occurred and he received such injuries that he died on the same day; that he earned $125.00 per month and had a life expectancy of 32 years; that on account of defendant's negligence damages are claimed in the sum of $46,580.00.

Plaintiff's second cause of action as amended set out by reference all of the allegations of his first cause, and then alleged in substance that physicians were employed

to care for the injured man immediately following the accident, to whom was paid $175.00, which was a reasonable sum for the services rendered; that drugs and bandages were also purchased for the same purpose, the sum of $19.75 being paid therefor, which was a reasonable charge for such drugs and bandages; that upon the injured man's decease the sum of $320.00 was paid the undertaker, which sum was a reasonable charge for the latter's services and for the casket furnished; that plaintiff was further damaged in the sum of $514.75.

Defendant by its answer denied generally all of the allegations of the plaintiff's first cause of action except the formal portions thereof, and specifically denied the charges of negligence and damages; it also denied generally all of the allegations of plaintiff's second cause of action, and affirmatively alleged briefly that the owner of the building himself installed all the piping on the premises, and that defendant had no supervision or control over the service line, gas piping and fittings located on said premises, these being in said owner; that before installing the gas meter the employe of defendant and an employe of the owner tested said service line, piping and fittings and found same to be in good condition and free from leaks, and thereafter these were left in charge of the owner and his employes; that thereafter and before the meter was installed by defendant, the work of the owner's employe in the installation of the gas fixtures and piping was passed and approved by the gas inspector of the town of Lander and reported by him to defendant as in good condition and free from leaks; that defendant had no knowledge of any leaks, open vents, or valves in the kitchen or elsewhere, and it was never notified of any such by any person; that if any gas leaked through said valves or vents causing any explosion said leaks were occasioned by some person other than the defendant or its employes subsequent to the examination made by it.

The reply denied all new matter alleged in the answer.

A jury trial was had upon the issues thus raised and a verdict was returned in favor of the plaintiff for $500.00. The court entered judgment upon the verdict. The only error assigned in the petition in error is this action of the court "for the reason that said verdict is general in terms and that when considered in connection with the pleadings in said cause is so uncertain and ambiguous that it is impossible to tell what sum the jury intended to allow." There is no bill of exceptions in the record in the case—only the original papers and journal entries. The verdict returned by the jury was:

"We the jury duly empanelled and sworn to try and determine the issues in the above entitled cause, do find generally for the plaintiff and fix the damages in the sum of $500.00.

George D. Brown,<br>Foreman."

The argument of plaintiff in support of the assigned error, as we understand it, may be summarized thus: This jury by its general finding in favor of the plaintiff found that the allegations of payments of money for certain expenses connected with caring for the injured man, as alleged in plaintiff's amended second cause of action, were true, hence it really found that $514.75, the total of these amounts, was paid out and was due plaintiff and that this is inconsistent with the award of $500.00 damages as set out in the verdict.

But Sec. 5782 Comp. Stat. Wyo. 1920, provides:

"When, by the verdict, either party is entitled to recover money of the adverse party, the jury in its verdict, must assess the amount of recovery."

Under statutes of this character, where the amount of recovery is definitely in issue, it has been generally held that a verdict "for the plaintiff" without fixing the

amount does not authorize the court to enter judgment for any amount.

See Bowers v. Rice, 19 Neb. 576, 27 N. W. 646; Cooper v. Poston, 1 Duvall (Ky.) 92, 85 Am. Dec. 610, at 612; Knickerbocker etc. Co. v. Hall, 3 Nev. 194; Struckman v. Brown, 45 S. D. 27, 184 N. W. 977; Sonnesyn v. Akin, 14 N. Dak. 248, 104 N. W. 1027, at 1031 and cases cited.

If plaintiff's contention be sound then it would seem that in such case the court could enter judgment upon a jury's mere general finding for the plaintiff. But as we have seen, this is not the law. The quoted statute, supra, declares the jury *must* fix the amount of recovery, and the verdict, of course, must show which party litigant is entitled to receive the money from the other. The principle is a familiar one that a general verdict is controlled by an inconsistent special finding of the jury. The logic of that principle would seem to be applicable here even if it should be assumed that plaintiff's contention as to the effect of the general finding of the verdict is correct.

The allegations of plaintiff's amended second cause of action as to the reasonable value of the professional services rendered by the physicians called to attend the injured man were explicitly denied by defendant's answer, and a definite issue was made thereby. In that situation even where the testimony is undisputed it has been held that it is the province of the jury to weigh the evidence and determine the amount due.

Hillsdale State Bank v. Christensen, 32 Wyo. 68, 229 P. 105.

However, as there is no bill of exceptions in the record now before us, it is necessarily impossible to review the verdict in the light of the evidence in the case on this point. On error, the presumption is that a verdict was based on evidence sufficient to sustain it where the evidence received on the trial has not been duly preserved and presented to the appellate court by a bill of exceptions. Landman v. City, 91 Neb. 479, 136 N. W. 43;

Reigle v. Cavey, 107 Neb. 446, 186 N. W. 323; Seiberling v. Mortinson, 10 S. D. 644, 75 N. W. 202.

We are unable to see that the verdict complained of is uncertain or ambiguous in any way, and it results that the judgment should be affirmed.

*Affirmed.*

BLUME, Chief Justice, and METZ, District Judge, concur.