HOME FIRE INSURANCE COMPANY V. WILBER S. WEED.

FILED MAY 19, 1898. No. 8342.

1. **Review Without Bill of Exceptions.** When a bill of exceptions has been quashed, no question will be considered a determination of which necessarily involves an examination of the evidence adduced in the trial court.

2. ———: INSTRUCTIONS. In the absence of a bill of exceptions, instructions to the jury will be presumed to be free from error, unless they contain statements of the law which could not be correct in any possible case made by the proofs under the issues tendered by the pleadings.

3. **Insurance:** VALUE OF PROPERTY. Where there has been a total loss by fire of insured realty, a clause in the policy limiting the amount of recovery to a sum less than the amount written in the contract of insurance is invalid and will not be enforced.

4. ———: JUDGMENT FOR LOSS: ATTORNEYS' FEES. Under the provisions of section 45, chapter 43, Compiled Statutes, plaintiff is entitled to the allowance of a reasonable attorney's fee on the rendition of a judgment on a policy of insurance on realty, to be taxed as part of the costs; and the court has jurisdiction to allow such fee at the time the ruling is made upon the defendant's motion for a new trial, although such motion is not passed upon at the term during which the verdict and judgment were entered.

ERROR from the district court of Lancaster county. Tried below before HALL, J. Affirmed.

Greene & Breckenridge and Byron G. Burbank, for plaintiff in error.

Stewart & Munger, contra.

NORVAL, J.

This suit is upon a policy of insurance issued by the Home Fire Insurance Company of Omaha on May 27, 1893, to one Denton, upon his dwelling-house, insuring against loss or damage by fire to the amount of $800 for one year from the date of the policy. On July 19, 1893, the insured building was burned, and subsequently Denton, for a valuable consideration, assigned the policy and

his rights thereunder to Wilber S. Weed, who instituted this action to recover the entire amount of the policy, alleging that the loss was total. The answer admitted the issuance of the policy; that the insured building was partially damaged by fire; denied the other averments of the petition, and pleaded the violation by the assured of the following conditions of the policy: "This entire policy, unless otherwise provided by an agreement indorsed hereon or added hereto, shall be void if the assured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy, * * * or if the property now is or shall become during the term of this policy incumbered by mortgage or otherwise." The answer alleged that said quoted provisions were violated by the existence, at the time of the issuance of the policy, of a mortgage on the premises in the sum of $600, and that at the time of the fire there was other and additional insurance upon the property in the sum of $600, in the name and for the benefit of said Denton, in the United States Fire Insurance Company, of New York. It was also pleaded that defendant had no notice or knowledge of the existence of either said incumbrance or the additional insurance until after the fire. The reply admitted the incumbrance, pleaded knowledge thereof of the defendant at the time of executing and delivering the policy in suit, and denied each and every other allegation in the answer. A trial was had in the court below, which resulted in a verdict for the plaintiff for the full amount of the policy with interest, and the defendant has prosecuted error from the judgment entered thereon.

The first argument is that the trial court erred in giving the following instruction: "Your attention is next directed to the evidence before you touching the matter of the collection of the insurance money under the policy taken out on said insured premises by Stevens, Love & Cochran for the benefit of the mortgagee, the Continental Building & Loan Association, in the name of the said

J. Q. Denton, but so taken out without the knowledge or consent of said Denton. In this connection you are instructed that if, after the fire and after the said Denton became aware of the existence of said insurance in favor of said mortgagee, the said Denton did any act which recognized the insurance contract made between the United States Insurance Company and Stevens, Love & Cochran in his name for the benefit of said loan association, mortgagee, as a binding and legal obligation on the part of said United States Insurance Company, then such act would in law amount to a ratification of the taking out of said insurance policy, and would render said Denton subject to the same disability under, and forfeiture of, the policy of the defendant sued on in this action, as though he himself had taken out said insurance for the benefit of said loan association without the knowledge or consent of the defendant herein. If you so find the fact to be that by any act of his done the said Denton ratified the taking out of said additional insurance in the name of himself and for the benefit of said loan association, then you are instructed that such act was in violation of the binding and valid condition of the policy sued on in this case, and such additional insurance would, under such circumstances, render the policy of defendant voidable, at its option, and would prevent recovery by plaintiff in this suit. . Upon the other hand, if you find from the evidence the fact to be that after discovery of said additional insurance the said Denton did nothing in respect thereto to recognize said additional insurance as binding and valid as between himself and the insurance company issuing said additional insurance, then you are instructed that the acts of Stevens, Love & Cochran in collecting the money upon said additional insurance policy, and the acts of said building and loan association in giving said Denton credit, for the amount collected, upon the debt owed by him to it, would not in law be binding upon him and could not in law constitute a defense in behalf of the defendant in this suit."

The vice imputed to the foregoing instruction, if we have not failed to comprehend the argument of counsel for defendant below, is that it omitted to direct the jury as to the effect of the failure of Denton to repudiate and disaffirm the policy of insurance issued in his name by the United States Fire Insurance Company, at the instance of Stevens, Love & Cochran, for the benefit of the mortgagee. A short answer to this is that it is not shown the defendant below was in any manner prejudiced by the failure to so instruct the jury, inasmuch as the bill of exceptions filed herein has been quashed. In *Willis v. State*, 27 Neb. 98, it was decided that where a cause is presented to this court upon transcript alone, without bill of exceptions, the instructions will be presumed to be faultless, unless they contain statements of the law which could not be correct in any possible case made by the proofs under the issues presented by the pleadings. The same doctrine has frequently been held and applied. (*Romberg v. Hediger*, 47 Neb. 203; *Ottmanns v. Findlay*, 47 Neb. 289; *Union P. R. Co. v. Kinney*, 47 Neb. 393.) The rule is that when a bill of exceptions has been quashed, no question will be considered, a determination of which necessarily involves an examination of the evidence adduced in the trial court. (*Sweeney v. Ramge*, 46 Neb. 919; *Reed v. Rice*, 48 Neb. 586; *McKenna v. Dietrich*, 48 Neb. 433; *Wood v. Gerhold*, 47 Neb. 397.) Without a bill of exceptions we are unable to determine whether or not the instruction criticised was erroneous and prejudicial to the rights of the defendant. It may be that the testimony showed beyond dispute—and such testimony would have been permissible under the pleadings—that plaintiff's assignor, Denton, when he learned of the existence of the policy issued by the United States Fire Insurance Company, immediately refused to ratify the contract of insurance, but repudiated and disaffirmed the same. Had such a state of facts existed, manifestly no prejudice could have been possible to the defendant by the giving of the instruction already quoted.

It is insisted that the defendant was entitled to recover upon this policy only the sum of $282 and interest, for the alleged reason that $518 had been collected from the United States Insurance Company on account of the same loss by the mortgagee and applied upon the loan made to Denton. No question of the payment of said sum of $518 is raised by the answer. Moreover, without a bill of exceptions, we are unable to ascertain whether said sum was in fact paid, and if so, whether Denton or the plaintiff consented to or acquiesced therein.

The next argument advanced by the defendant is that it is liable only for its proportion of the loss incurred, or the sum of $457.14, by reason of the issuance of the policy on the premises by the United States Fire Insurance Company, and the following condition contained in the policy in suit: "In case of any other insurance upon the property herein described, whether made prior, concurrent, or subsequent to the date of this policy (whether valid or invalid, or whether upon the same insurable interest or not), the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon, whether such insurance be by specific or by general or by floating policies, and if any such other policy contain an average or co-insurance clause or condition this company's liability herein shall be limited thereby the same and to the same extent as though such clause or condition was contained therein." This stipulation cannot be invoked herein, since the petition in the court below alleges a total loss of the building by fire, and in the absence of a bill of exceptions this court must presume that this averment is supported by the evidence. Section 43, chapter 43, Compiled Statutes, declares: "Whenever any policy of insurance shall be written to insure any real property in this state against loss by fire, tornado, or lightning, and the property insured shall be wholly destroyed, without criminal fault,    *    *    * such policy shall be taken conclusively to be the true

value of the property insured, and the true amount of loss and measure of damages." This provision has been construed by this court more than once, and the uniform holdings have been that where there has been a total loss by fire of insured realty, a clause in the policy limiting the amount of recovery to a sum less than the amount written in the contract of insurance is invalid and will not be enforced. (*Home Fire Ins. Co. v. Bean*, 42 Neb. 537; *Insurance Co. of North America v. Bachler*, 44 Neb. 549.) Where several concurrent policies of insurance upon real property have been written with the consent of the respective companies, and the property insured is wholly destroyed by fire, each company is liable for the full amount of its policy. (*Oskosh Gas Light Co. v. Germania Fire Ins. Co.*, 71 Wis. 454; *Havens v. Germania Fire Ins. Co.*, 27 S. W. Rep. [Mo.] 718; *Insurance Co. v. Leslie*, 47 O. St. 409.) The clause embraced in the policy in suit, being inconsistent with the statute quoted above, the former must yield to the latter. The case of *German-American Ins. Co. v. Heiduk*, 30 Neb. 288, is not in conflict with the conclusion reached herein, since that was a suit on a policy of insurance issued prior to the passage of section 43 quoted above.

It is finally insisted that the court erred in allowing plaintiff below an attorney's fee, because the same was not awarded as costs at the time the judgment was entered on the verdict of the jury, but at a subsequent term of court. Under section 45, chapter 43, Compiled Statutes, it is made the duty of the court on rendering judgment against an insurance company on a policy of insurance on realty to allow plaintiff a reasonable attorney's fee, to be taxed as part of the costs. (*Hanover Fire Ins. Co. v. Gustin*, 40 Neb. 823.) The attorney's fee in this case was allowed and taxed at the time the motion for a new trial was overruled, although at a subsequent term of the court to that during which the judgment was rendered on the verdict, which was a substantial compliance with the requirements of the statute. The trial court

retained jurisdiction over the cause until disposition was made of the motion for a new trial. The judgment below is

AFFIRMED.