JOSEPH A. McGRAW v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

FILED DECEMBER 19, 1899.   No. 9,068.

1. **Negligence: DEFINITION.** The following definition, "Negligence is the omission to do something which a reasonable man guided by those considerations which ordinarily regulate the conduct of human affairs would do, or doing something which a prudent and reasonable man would not do," *held* not incorrect. See *Kearney Electric Co. v. Laughlin*, 45 Nebr., 404.

2. **Review Without Bill of Exceptions: EVIDENCE.** If the bill of exceptions in a cause has been quashed, questions, the decisions of which necessarily call for an examination of the evidence, can not be considered.

3. ———: **INSTRUCTIONS.** If instructions contain statements which may have been correct and applicable to possible conditions of the proof in the case, in the absence of a bill of exceptions, they must be presumed to be free from error.

ERROR from the district court of Lancaster county. Tried below before CORNISH, J.   *Affirmed.*

*Lamb & Adams*, for plaintiff in error.

*W. F. Evans, L. W. Billingsley* and *R. J. Greene, contra.*

HARRISON, C. J.

In this action, commenced in the district court of Lancaster county, the plaintiff sought a recovery of damages alleged to have been caused by the negligent operation and running of an engine and train by defendant upon and over a line of railroad track, whereby and by reason

of which, the plaintiff, who was, at the time specified, crossing the said track, was struck by the locomotive or engine, and severely, seriously and permanently injured. The answer of the company denied generally or specifically the main material allegations of the petition, pleaded affirmatively that the plaintiff was, at the time he alleged he received the injuries, a trespasser upon the track upon which it was running its engine, and the injuries of plaintiff, if any suffered, resulted from his own carelessness and negligence. The reply was a general denial. There was a trial of the issues, and a verdict and judgment for defendant. The plaintiff presents the case to this court for review. Since the removal of the cause to this court, a motion to quash the bill of exceptions has been sustained.

One of the assignments of error noticed in the argument is of the giving by the court on its own motion instruction numbered 2. In a portion of this instruction the jury was informed that negligence was the "gist," the groundwork, or basis, of the action, and it was a question for them to determine from the evidence, under the rules embodied in the instructions. This introductory, if it may be so termed, or general part of this instruction, was probably not as definite as it might have been written; but there was nothing in it, or in that it was given, which could in the least work any prejudice to the complainant. The further portion of the instruction was a definition of "negligence," which it is asserted was incorrect. The definition given in the instruction was quoted with approval by this court in *Foxworthy v. City of Hastings*, 23 Nebr., 772; also in *Kearney Electric Co. v. Laughlin*, 45 Nebr., 404, and in the last approved as substantially correct. Probably as good or a better definition is "the absence of care according to circumstances." See 1 Thompson, Negligence, 135. But the one given by the trial court was not open to the objections urged against it.

It is contended that instruction numbered 3, given by

the court on its own motion, was erroneous. This placed upon the plaintiff the burden of proving the negligence of the defendant as the cause of the injuries to plaintiff. It is complained that, having given this, the court should also have instructed the jury relative to the burden of proof on the issue of alleged contributory negligence of the plaintiff. Whether it was proper to read the one given, and to charge no further than was done, on the issue of plaintiff's alleged contributory negligence, depends, to a great extent, if not wholly, upon the condition of the evidence, and this is not before us for examination; hence this assignment is unavailing.

It is asserted that instruction 4 should not have been given. The main argument here was directed against the use of the word "respectfully" in the instruction applicable to the running of the train by defendant. In an addition to the transcript filed during the pendency of the cause in this court it is disclosed that the term was "rightfully" and not "respectfully," and, thus corrected, the determination of the objections urged against this instruction would necessitate an examination of the evidence, and depend upon the circumstances shown. The evidence is not before us, and in its absence the instruction must be presumed to be without error.

Neither the third nor fourth instructions contained statements which could not be correct and applicable to some possible conditions of the proof; and they must be presumed to be correct, there being no bill of exceptions. See *Home Fire Ins. Co. v. Weed*, 55 Nebr., 146, 75 N. W. Rep., 539.

There were no other assignments of error urged in argument, and it follows, from what has been determined, that the judgment must be

AFFIRMED.