GUSTAVE LANDMAN, APPELLEE, V. CITY OF BENSON, APPELLANT.

FILED MAY 13, 1912. No. 16,706.

1. **Appearance.** A general appearance by defendant waives all defects that appear upon the papers and record in the issuance of the summons and in its service, and gives the court jurisdiction, and in such case, where the defendant answers to the petition and the case is tried upon its merits, no objection to the service of the summons will be considered.

2. **Appeal: EVIDENCE.** Where there is no bill of exceptions containing the testimony, it will be presumed that the verdict rendered is sustained by the evidence.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Charles Haffke,* for appellant.

*S. I. Gordon, contra.*

HAMER, J.

The plaintiff Landman, appellee in this court, sued the defendant, the city of Benson, appellant, before a justice of the peace in Douglas county. There was an appeal from the judgment of the justice of the peace to the district court. The plaintiff Landman filed his petition in the office of the clerk of the district court, alleging that the village of Benson had been incorporated as a city of the second class; that on July 18, 1906, while it was yet a village, it had by its agents and servants pumped a large volume of water from a well located about five blocks from the plaintiff's premises, and had allowed the same to spread onto and over the plaintiff's half acre of growing cucumbers, so that the same were destroyed, except about 40 or 50 plants, which were greatly damaged, without fault of the plaintiff and to the plaintiff's damage in the sum of $190, for which he prayed judgment with costs. It was objected by the defendant that there was no proper service of the summons, and a special appearance was attempted to be made in the district court by the city of Benson. It was overruled. The objection was a general one containing no allegation as to what may have been the particular objection to the service. The city of Benson filed an answer as to the merits, and the case was heard in the district court before Judge Willis G. Sears and a jury. There was no allegation in the answer showing the defect in the service, if any, and it does not appear on the face of the record that there was any.

It will be seen that, in any event, there was a general appearance by the defendant. "A general appearance by a defendant is a waiver of all defects in the issuance and

service of the summons, and gives the court jurisdiction." The above is the second point in the syllabus in *Omaha Loan & Trust Co. Savings Bank v. Knight,* 50 Neb. 342, and its application to the instant case determines the point raised adversely to the contention made by the appellant.

The petition states a cause of action, and it will be presumed, in the absence of a bill of exceptions showing the insufficiency of the evidence, that such evidence sustains the verdict rendered.

No error appears from the record, and the judgment rendered is based upon a verdict of the jury, which is not shown to be excessive. The verdict was for the plaintiff for $155. The plaintiff filed a remittitur for the excess above $75, and the judgment rendered was for $75 and the costs. There is no error complained of concerning the giving of instructions to the jury, and we have not been shown any cause to reverse the judgment of the district court, and it is

AFFIRMED.