OTTO RADDATZ, APPELLEE, v. JOHN H. CHRISTNER, DEFEND-ANT; CHARLES A. READY, APPELLANT.

FILED JUNE 28, 1919. No. 20461.

1. **Appeal:** STATUTE LIMITING TIME. Statutes shortening the time within which appeals or proceedings in error can be taken do not, in the absence of language showing clearly a legislative intention to the contrary, apply to judgments, decrees, or orders rendered or entered before such statutes took effect.

2. **Action:** VENDOR AND PURCHASER: JOINT CONTRACT. A contract "by and between John H. Christner and Charles A. Ready ✓ ⸱ ⸱ of the first part," and the plaintiff, "of the second part," agreeing that the party of the one part sells to the party of the other part certain described lands, is the joint contract of Christner and Ready; and an action for failure to perform the same may be brought against them jointly, although it appears on the face of the contract that the lands described therein are owned by them in severalty.

3. **Vendor and Purchaser:** CONTRACT: ABSTRACT. The agreement to "give a good and sufficient warranty deed and abstract" contemplates that the abstract will present a merchantable title, which is clear as shown by the record, and does not require litigation to complete it.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Affirmed.*

*H. A. Lambert, Fred G. Hawxby* and *Charles A. Ready,* for appellant.

*C. A. Robbins, contra.*

SEDGWICK, J.

There was a motion in this case to dismiss the appeal on the ground that the same was docketed in this court within the time prescribed by statute. The legislature amended the statute in regard to the time for docketing an appeal (Laws 1917, ch. 140), changing the time from six to three months. This court has heretofore followed the rule announced in the note under *Wilson v. Kryger,* 26 N. Dak. 77, in 51 L. R. A. n. s. 760, as follows: "It is a general rule of construction that statutes shortening the time within which appeals or proceedings in error can be taken do not, in the absence of language showing clearly a legislative intention to the contrary, apply to judgments, decrees, or orders rendered or entered before such statutes took effect"— and, applying that rule, we overruled the motion in this case.

This plaintiff contracted to purchase from the defendants a tract of land of about 400 acres in Hayes county, Nebraska. When the abstracts of title were presented, the plaintiff refused to accept the title as not marketable, and brought this action to recover from the defendants the amount which he had paid upon the contract.

The action was brought in Nemaha county, where the defendant Christner resided, and summons was sent to Hayes county and served upon the defendant Ready there, where he resided. The defendant Ready objected to the service on the ground that there was no joint liability of the defendants under the contract. This objection was overruled, and it is now insisted that this ruling was erroneous. It appears that these defendants

did not own the land jointly, but each held title to a distinct portion thereof, and it would seem from the evidence that the parties all understood that each defendant was to receive a certain part of the purchase price as the consideration for his land; but the contract was a joint contract on the part of the defendants. It recited that the contract was "by and between John H. Christner and Charles A. Ready of the town of Hayes Center, county of Hayes, and state of Nebraska, of the first part, and Otto Raddatz of the town of Pleasant Dale, county of Seward, and state of Nebraska, of the second part," and, also, that the "party of the second part convenants and agrees to and with the said party of the first part to sell the South East Quarter of Sec. 20-in Township (8) North of Range 35-in Hayes Co. Neb. And the North East Quarter and the East Half of the North West Quarter of Section 20-in Township (8) North of Range 35-all in Hayes Co. Neb. Said John H. Christner is to give a good and sufficient warranty deed and abstract to the South East Quarter (S. E. 1/4) of Sec. 20-Twp (8) North Range (35). Said Charles A. Ready is to give a good and sufficient warranty deed and abstract to the North East Quarter and the East Half of the North West Quarter of Sec. 20-in Twp. (8) North of Range (35). And the said party of the second part covenants and agrees to pay to the said party of the first part for the same the sum of Thirty Seven Hundred and no/100 ($3,700.00) Dollars as follows, viz.: Five Hundred Cash the receipt is hereby acknowledged. $200.00 payable on or before February 1st 1908. $500.00 payable on or before February 1st 1909 each year until the above sum is paid in full with interest."

This constituted a joint contract on the part of the defendants, and the fact that it is recited in the contract that one of the defendants was to give a deed to a certain part of the land and the other defendant to make deed to the remainder will not change its character as a joint

Raddatz v. Christner.

contract, nor will the provision that "the parties to these presents bind themselves, each unto the other, in the penal sum of Fifteen Hundred and No/100 $1,500.00 Dollars as liquidated damages, to be paid by the failing party." The parties to these presents are the party of the first part, these two defendants, and the party of the second part, this plaintiff. The trial court was right in overruling this objection.

There were various objections to the title, as presented in the abstract. The title to part of the land was through foreclosure proceedings. The defendants' brief upon this point is devoted to the question whether the titles were fatally defective, and it is argued extensively that none of these apparent defects in the title were fatal; but this was not the question to be determined by the trial court. A purchaser of land is not required to purchase a lawsuit, but the agreement to "give a good and sufficient warranty deed and abstract" contemplates that the abstract will present a merchantable title, which is clear as shown by the record, and does not require litigation to complete it. This title was so plainly not merchantable that we do not find it necessary to discuss the defects presented by the abstracts. The case was tried to the court without a jury, and it cannot be said that the findings are not amply supported by the evidence.

The judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.