MARY DOON, APPELLANT, V. ALFRED ADCOCK, ALIAS BERT ADCOCK, ET AL., APPELLEES.

FILED JUNE 8, 1934. No. 28943.

*Lower & Sheehan,* for appellant.

*Crofoot, Fraser, Connolly & Stryker, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and THOMSEN, District Judge.

EBERLY, J.

This was an action to recover for injuries sustained by plaintiff as the result of a collision between an automobile in which plaintiff was riding and a truck then standing in the highway. The facts alleged by plaintiff in her amended petition without doubt constitute a cause of action. The answer of defendants sets forth in appropriate language, first, a general denial; second, an admission that plaintiff was in an automobile which collided with the rear of the truck; also allegations that the injuries of which plaintiff complains were not caused by the negligence of the defendants or either of them, but by the

negligence of plaintiff's host, the driver of the automobile in which she was then riding; that plaintiff, her host, and other occupants of the automobile, at the time of the collision, were engaged in a joint enterprise, and that the alleged negligence of the host was imputed to plaintiff by reason thereof. While no reply was actually filed, it is suggested that the case was tried in the court below on the theory that a reply had been filed, in which all the allegations of new matter contained in the answer were denied.

The transcript discloses that a trial on the merits was had on the issues presented by the pleadings; that a jury was duly impaneled; that evidence was introduced on both sides; that a verdict was returned for the defendants; that judgment was entered on the verdict, and plaintiff's motion for a new trial was overruled.

The record discloses that no bill of exceptions in this cause was ever settled or allowed by the trial judge, or filed in the office of the clerk of the district court from which this appeal was prosecuted. In fact, a record, certified to only by the court reporter, containing all evidence received on the trial in the district court has been heretofore quashed by order of this court.

On the argument here, the sufficiency of the pleadings of both plaintiff and defendants, on which the case was tried in the district court, is conceded. The errors set forth in the brief of plaintiff, upon which she relies, relate wholly to the action of the trial court in the admission or rejection of evidence, and in the giving of instructions and the refusal to give certain requested instructions.

This jurisdiction has long accepted the principle that proceedings in courts of record are presumptively correct, and error therein must be affirmatively established; and it is only for errors appearing on the face of the record that the judgment of the district court can properly be reversed. *Frey v. Drahos,* 7 Neb. 194; *Aspinwall v. Sabin,* 22 Neb. 73; *Ferber v. Leise,* 101 Neb. 374.

So, also, where there is no bill of exceptions containing the testimony, it will be presumed that the verdict rendered is sustained by sufficient evidence. *Landman v. City of Benson,* 91 Neb. 479.

We are further committed to the view that errors in procedure committed by the trial court, in order to be deemed material, must be such as prejudice the complaining party and in effect deprive him of a fair trial of his controversy. Also, in the absence of a bill of exceptions, instructions to the jury will be presumed to be free from error, unless they contain statements of law which could not be correct in any possible case made by the proofs under the issues tendered by the pleadings. *Home Fire Ins. Co. v. Weed,* 55 Neb. 146; *McGraw v. Chicago, R. I. & P. R. Co.,* 59 Neb. 397.

It will be remembered in this connection that parties by their conduct on the trial may include a disputed fact within the issues of the case, although the fact does not appear at issue in the pleadings. 14 Standard Ency. of Procedure, 524.

So, too, in the absence of a bill of exceptions, it is manifest the appellate court cannot determine that any instruction, however erroneous, was prejudicial, since the evidence may have been such as would have justified the trial court in directing the verdict which was returned by the jury.

As a result of these decisions hereinbefore referred to, as well as the impracticability of determining the materiality of any technical error in giving or refusing instructions, the rule applicable to an appeal in a civil action, where no bill of exceptions is contained in the record, is now usually stated as follows: The only question which can be presented to the supreme court, in the absence of a bill of exceptions, is the sufficiency of the pleadings to support the judgment. *Lincoln Land Co. v. Commonwealth Oil Co.,* 109 Neb. 652; *Gaines v. Warrick,* 113 Neb. 235; *Chapman v. Person,* 126 Neb. 340; *Joyce v. Tobin,* 126 Neb. 373.

In the instant case the pleadings support the judgment for the defendants, and in the absence of a proper bill of exceptions, the judgment of the trial court must be

AFFIRMED.