LOUIS WILLIE, ADMINISTRATOR, APPELLANT, V. FRED WACKER ET AL., APPELLEES.

1 N. W. (2d) 120

FILED DECEMBER 5, 1941. No. 31249.

*Lloyd E. Chapman* and *Clifford L. Rein*, for appellant.

*L. R. Doyle* and *Carl H. Swanson, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

This is a damage action for personal injuries sustained by plaintiff's intestate in a collision between two motor vehicles on a public highway in Nebraska. We have before us a partial transcript of the proceedings had in the lower court; the pleadings are omitted, and there is no bill of exceptions.

For reversal appellant contends that instruction No. 12 is prejudicially erroneous. It reads: "You are instructed that if you find at the time of the collision the driver of the car in which plaintiff's intestate was riding was driving said automobile on the left of the center of the highway, and that the driving of said automobile on the left side of the center of the highway was the proximate cause of the collision, your verdict will be for the defendants."

"The only question which can be presented on appeal to the supreme court in a civil action, in the absence of a bill of exceptions, is the sufficiency of the pleadings to support the judgment." *Doon v. Adcock,* 127 Neb. 335, 255 N. W. 548. It was said in the opinion: "In the absence of a bill of exceptions, it is manifest the appellate court cannot determine that any instruction, however erroneous, was prejudicial, since the evidence may have been such as would have justified the trial court in directing the verdict which was returned by the jury." It was further said: "In the absence of a bill of exceptions, instructions to the jury will be presumed to be free from error, unless they contain statements of law which could not be correct in any possible case made by the proofs under the issues tendered by the pleadings"—citing *Home Fire Ins. Co. v. Weed,* 55 Neb. 146, 75 N. W. 539; *McGraw v. Chicago, R. I. & P. R. Co.,* 59 Neb. 397, 81 N. W. 306. Where there is no bill of exceptions containing the testimony, it will be presumed that the verdict rendered is sustained by sufficient

evidence. *Landman v. City of Benson,* 91 Neb. 479, 136 N. W. 43; *Doon v. Adcock, supra.*

In an analysis of instruction No. 12, the appellant refers specifically to the pleadings. We are only able to ascertain the pleadings from instruction No. 1, given by the court. Cases do arise, and properly so, where the proximate cause of an accident is the driving of an automobile on the left side of the center of the highway.

We are not privileged to assume that instruction No. 1 contains all the pleadings of the respective parties adequately and sufficiently to enable the court to determine whether or not the instruction complained of is prejudicially erroneous. We have neither the pleadings nor the evidence in this case before us. Under the circumstances and in view of the authorities cited, the judgment of the district court is

AFFIRMED.