JAMES W. COZAD, APPELLEE, V. MATTHEW LEO MCKEONE, SR., ET AL., APPELLANTS.

32 N. W. 2d 760

Filed June 18, 1948.   No. 32388.

Chambers & Holland, for appellants.

Pierson & Scheele and Davis, Stubbs & Healey, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an action to recover damages for injuries sustained in an automobile accident. The jury returned a verdict for the plaintiff and judgment was entered thereon. The defendants appeal.

The record shows that the judgment was entered in the district court on February 28, 1947, one of the days of the January 1947 term of the district court. Two motions for a new trial were filed by different defendants, which were overruled on October 17, 1947, one of the

days of the September 1947 term of the district court. Notice of appeal was given and the appeal perfected on November 5, 1947. A purported bill of exceptions was first presented to plaintiff's attorneys on January 30, 1948, 86 days after the filing of the notice of appeal. The plaintiff has at all times objected to the purported bill of exceptions and on April 8, 1948, filed a motion in this court to quash the bill.

The defendants filed motions for a new trial in the district court within three days after the entry of the verdict and judgment. The overruling of the motions for a new trial was the final order from which an appeal could be taken to secure a review of errors alleged to have occurred during the trial. The time for taking an appeal for this purpose commenced to run from the date of the overruling of these motions. § 25-1912, R. S. 1943. See, also, McGerr v. Marsh, 148 Neb. 50, 26 N. W. 2d 374.

The applicable statute provides that the party appealing must reduce the exceptions to writing within 40 days from the time notice of appeal was filed with the clerk of the district court, unless the time be extended pursuant to section 25-1140.07. See § 25-1140, R. S. Supp., 1947. The notice of appeal was filed on November 5, 1947. No extension of time having been obtained for preparing a bill of exceptions, the time for so doing expired 40 days after November 5, 1947. The bill of exceptions was presented to plaintiff's counsel on January 30, 1948, and settled by the trial court on February 7, 1948. The time for reducing the exceptions to writing having expired on December 15, 1947, the motion to quash the bill must be sustained. Joyce v. Tobin, 126 Neb. 373, 253 N. W. 413. In the absence of a valid bill of exceptions, the only issue that can be considered on appeal is the sufficiency of the pleadings to sustain the judgment. Gilmore v. State, 148 Neb. 10, 26 N. W. 2d 296; Joyce v. Tobin, supra. The pleadings clearly sustain the judgment entered.

The defendants contend that their appeal is controlled by section 25-1140, R. S. 1943. The plaintiff contends that section 25-1140, R. S. Supp., 1947, is the controlling statute. The former statute provided that the 40 days for preparing a bill of exceptions commenced to run from the last day of the term at which the order appealed from was entered. In the latter statute it is provided that the 40 days commences to run from the date the notice of appeal was filed in the district court. The effective date of the amended statute, section 25-1140, R. S. Supp., 1947, is September 7, 1947, a date subsequent to the entry of the judgment and prior to the overruling of the motions for a new trial and the giving of the notice of appeal.

The general rule is that statutes shortening the time within which appeals can be taken do not apply to judgments, decrees, or orders rendered or entered before the statute took effect. Raddatz v. Christner, 103 Neb. 621, 173 N. W. 677. The final order appealed from in the present case was the order overruling the motions for a new trial. This order was dated November 5, 1947, a date subsequent to the effective date of the amendatory statute. Consequently, the amended statute controls and the statutory requirements for preparing, serving, and settling a bill of exceptions have not been met. We hold therefore that section 25-1140, R. S. Supp., 1947, and not section 25-1140, R. S. 1943, is the controlling statute.

It is urged that the instructions given in the present case show error on their face and that the case should be reversed for that reason, even though there is a bill of exceptions. A contrary conclusion seems to have been reached by this court.

In Doon v. Adcock, 127 Neb. 335, 255 N. W. 548, it was said: "* * * in the absence of a bill of exceptions, it is manifest the appellate court cannot determine that any instruction, however erroneous, was prejudicial, since the evidence may have been such as would have justified the trial court in directing the verdict which

was returned by the jury." See, also, Willie v. Wacker, 140 Neb. 663, 1 N. W. 2d 120. For the foregoing reason the rule is usually stated in substance as follows: The only question which can be presented to the Supreme Court on appeal, in the absence of a bill of exceptions, is the sufficiency of the pleadings to support the judgment. Doon v. Adcock, *supra.* Under such circumstances it will be presumed that the verdict rendered is sustained by sufficient evidence. Landman v. City of Benson, 91 Neb. 479, 136 N. W. 43.

MOTION TO QUASH BILL OF EXCEPTIONS
SUSTAINED AND JUDGMENT AFFIRMED.

YEAGER, J., dissenting.

I cannot agree with the majority that the defendants do not have the right to have their bill of exceptions considered on appeal by this court.

Concededly had there not have been a procedural change, which change became effective after judgment and filing of motion for new trial, the preparation and service of the bill of exceptions would have been in time and proper.

While it is true that the final order which conferred the right of this court to consider the bill was the ruling on the motion for new trial yet fundamentally the relief sought by appeal was reversal of the judgment.

It therefore appears to me that to say that the new procedure, and not that in being at the time the judgment was entered, shall control is a discouraging resort and return to and refinement upon technicality whereas the modern and enlightened trend is in the opposite direction.