In re Estate of Alvin A. Bingaman, deceased. Julian L. Peterson, appellee, v. Estate of Alvin A. Bingaman, deceased, appellant, John P. Mainelli, doing business as Mainelli Construction Company, appellee.

47 N. W. 2d 435

Filed April 19, 1951. No. 32995.

*Cranny & Moore,* for appellant.

*David D. Weinberg* and *G. H. Seig,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

A motion for an order granting appellant additional time within which to complete and have allowed a bill of exceptions has been submitted herein.

The initial period within which an appellant may reduce his exceptions to writing is 40 days from the date notice of appeal is filed. § 25-1140, R. R. S. 1943; Cozad v. McKeone, 149 Neb. 833, 32 N. W. 2d 760. If he has acted promptly but has failed, without fault on his part, to secure a proposed bill of exceptions, the judge who tried the case is empowered, upon showing of due diligence, to extend by order entered in the case the time allowed by the statute above referred to, but not beyond an additional 40 days. This may be done after the first 40 days and during the additional time granted. § 25-1140.07, R. R. S. 1943; Markel v. Glassmeyer, 132 Neb. 716, 273 N. W. 33.

An appellant is required by the statute, in the absence of intervention by this court, to reduce his exceptions to writing within a maximum of 80 days from the date the notice of appeal is filed, and the proposed

bill of exceptions must be served on any adverse party to be bound thereby within 10 days from the time permitted for securing it. §§ 25-1140.03 and 25-1140.04, R. R. S. 1943. It must be returned to appellant within 10 days of the date of the service and be allowed and settled by the court within 10 days thereafter. § 25-1140.05, R. R. S. 1943.

This court has jurisdiction to grant time additional to the 80 days from the filing of the notice of appeal within which to prepare a bill of exceptions, by virtue of the provision that: "Thereafter, a further extension of time may be granted by the Supreme Court upon application and showing of good cause therefor." § 25-1140.07, R. R. S. 1943. A prerequisite to the exercise of the authority granted by this provision is that the litigant has promptly, diligently, and as effectually as the situation permitted, pursued the procedure for securing a bill of exceptions during the 80 days allowed from the giving of notice of appeal. Until this has been done and the time therefor has expired, there is no right of application in any manner to this court because of the quoted provision, and the court has no power because thereof to grant appellant a further extension of time. The power given the court by this legislation was not intended as another method of securing a bill of exceptions to be resorted to whenever desired, but to prevent injustice in an exceptional case in which an emergency, not caused or contributed to by appellant, has made it impossible for him to secure a bill of exceptions within the maximum periods above stated. It was not intended as a means of relief from the result of negligence, inattention, and delay. A situation justifying intervention of the court by virtue of this provision must be one beyond the capacity and power of the applicant to have prevented. The good cause demanded as a condition of further grant of time means the occurrence of something outside of the control of the litigant. Bryant v. State, 153 Neb. 490, 45 N. W. 2d 169.

The notice of appeal was filed on January 16, 1951. The motion under consideration was filed March 29, 1951, and was submitted April 2, 1951. An extension of time for securing the bill of exceptions granted by the district court expired with April 6, 1951. The substance of the showing in support of the motion is that the bill of exceptions would be completed and delivered to appellant not later than that date. An application to this court for an extension of time may not be made before the expiration of 80 days from the date notice of appeal is filed. It may, and to be effective must be made and presented to the court as promptly thereafter as the situation will permit, and it must be supported by definite, detailed, and convincing evidence that the applicant has used due diligence and because of circumstances beyond his control he has been unable to secure a draft of bill of exceptions or to have it settled. The submitted motion was prematurely made and insufficiently supported by evidence and must be denied.

The request of appellant for an extension of time within which to prepare and file a brief herein should be granted.

The motion of appellant for an extension of time within which to prepare a bill of exceptions should be, and it is denied. The appellant should be, and is given until June 15, 1951, within which to prepare and file a brief herein.

MOTION FOR EXTENSION OF TIME TO SECURE BILL OF EXCEPTIONS DENIED. MOTION EXTENDING TIME FOR PREPARATION AND FILING OF BRIEF GRANTED.

---

AMENDMENT TO SECTION 7c, PART I, REVISED RULES OF THE SUPREME COURT OF NEBRASKA.

To clarify the Rules of Practice of the Supreme Court to conform with the foregoing opinion, section 7c, Part

I, of the Revised Rules of Practice of the Supreme Court of Nebraska, is amended to read as follows:

An application for further extension of time within which to prepare a bill of exceptions pursuant to section 25-1140.07, R. R. S. 1943, may not be filed in this court until 80 days after the date notice of appeal is filed in the district court, and it must be filed in this court within 30 days thereafter. The application must be supported by detailed and convincing proof of facts showing that applicant has used due diligence and has been unable to secure a draft of bill of exceptions by circumstances beyond his control or power to have prevented. The "showing of good cause" for the application must, if it is possible for applicant to secure it, include a statement under oath of the court reporter who took the testimony setting forth the date he was requested to prepare a transcript of the evidence and all the facts in detail why it has not been possible for him to prepare it within the time provided by statute, as extended by the trial court. If the statement of the reporter cannot be secured, the facts constituting the reason therefor must be exhibited under oath by the applicant, and if sufficient cause for the absence thereof is not shown, the application for extension will be denied.