HENRY C. JONES ET AL., APPELLEES, V. CITY OF CHADRON, NEBRASKA, APPELLANT.

55 N. W. 2d 495

Filed October 31, 1952. No. 33200.

*Albert W. Crites,* for appellant.

*Charles A. Fisher,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellees instituted this proceeding to secure a detachment of unplatted land owned by them within the corporate area of Chadron. The trial court detached a part of the land involved herein. The motion of appellant for a new trial was denied and it has brought the case here by appeal. Appellees have not cross-appealed.

A motion to quash the transcript of the evidence purporting to be a bill of exceptions filed herein was by stipulation of the parties and with the permission of the court submitted at the time of the argument of the case.

The notice of appeal was filed in the district court on February 20, 1952. The proposed bill of exceptions was delivered to appellant on February 25, 1952. It was served on the attorney for appellees and by him re-

turned to the appellant on March 10, 1952, without suggestion or request of amendment or change. The proposed bill of exceptions was presented to the trial judge for allowance and settlement on May 22, 1952. There was no order of the judge who tried the case extending the time within which a bill of exceptions might be procured. A bill of exceptions in a civil case must be allowed and settled not later than 70 days from the time of the filing of the notice of appeal in the district court, if the time for procuring the bill of exceptions has not been extended beyond the original 40 days allowed by statute therefor. §§ 25-1140, 25-1140.02 to 25-1140.05, R. R. S. 1943; Cozad v. McKeone, 149 Neb. 833, 32 N. W. 2d 760; In re Estate of Bingaman, 154 Neb. 240, 47 N. W. 2d 435. The proposed bill of exceptions in this case was presented to the judge who tried the case for allowance and settlement 92 days after the filing of the notice of appeal in the district court. The attempted settlement and allowance thereof was therefore a nullity and the motion to quash it must be and is sustained.

The fact that appellant omitted to preserve the evidence produced at the trial of the case by a bill of exceptions, settled and allowed as the law requires, materially affects and limits the scope of review on appeal. If a purported bill of exceptions has not been prepared and authenticated as the procedure prescribes, its contents will not be noticed by this court for any purpose and no question, a determination of which involves an examination of the evidence offered at the trial, will be considered. In such a situation it is presumed that any issue of fact raised by the pleadings was established by the evidence and that the issue was correctly decided in the trial court. The only issue that can be determined on this appeal, since no legal transcript of the evidence has been furnished, is the sufficiency of the pleadings to support the judgment. Wabel v. Ross, 153 Neb. 236, 44 N. W. 2d 312.

The substance of the petition is as follows: That ap-

pellees are the owners of the unplatted real estate involved herein; that it is located within the corporate limits of the city of Chadron; that no streets or alleys have been located, dedicated, or exist thereon; that it is represented by the drawing designated as exhibit 1 attached to and made a part of the petition; that the three parts of it are designated as "A," "B," and "C"; that the land is agricultural and is used exclusively for agricultural purposes except tract "C" on which there is a building and in which an automobile sales and garage business in conducted; that while the real estate is adjacent to the city of Chadron it receives no benefit therefrom except tract "C" is served with city water; that the real estate is subject to city taxes and all the ordinances and regulations of the city; and that appellees are greatly damaged by the real estate being within the corporate area and are subjected to hardships by the ordinances in the use and enjoyment of their property.

The answer of appellant by denial put in issue the allegations of the petition except it admitted that the real estate described in the petition was within the city and had not been subdivided into blocks, lots, streets, and alleys or platted as provided by statute; and that named individuals were the mayor, members of the city council, and city manager, respectively. The answer contained other matters tending to show that justice and equity did not require that the territory involved or any part thereof should be disconnected from the city.

The real estate detached by decree of the district court is a part of outlot "G" situated in the subdivision designated as Pioneer Townsite Company's First Addition to Chadron, Nebraska, and is identified on the plat made a part of the petition as tract "A." This is what is intended by all references hereafter to the real estate of appellees. The trial court found that justice and equity required detachment of the part of the real estate of appellees designated as tract "A"; that all the statements in the petition with reference thereto were

true; and that it should be and was disconnected from the city of Chadron.

This case is reduced on this appeal to the problem of whether or not the petition of appellees supports the decree rendered by the trial court. The authority for this proceeding is obviously the statute on the subject of detachment of territory within city limits. § 17-414, R. S. Supp., 1951. The statute affords any owner of territory within and adjacent to the corporate limits of the city or village the opportunity to have it severed therefrom if justice and equity require that such territory be disconnected from the municipality. It has been considered in this connection that whenever lands within the boundaries of and adjacent to the corporate limits of a city or village are so situated that they do not have some substantial unity or community of interest with the other portions of the corporate area in the maintenance of municipal government then justice and equity dictate that such lands should be severed and excluded from the corporate territory. Bisenius v. City of Randolph, 82 Neb. 520, 118 N. W. 127; Davidson v. City of Ravenna, 153 Neb. 652, 45 N. W. 2d 741.

It is indispensable that the petition in this kind of a proceeding should show by statement of fact that the territory sought to be detached is within the municipality and that a substantial part of the boundary thereof is adjacent to a segment of the boundary of the city or village. Adjacent as used in this statute means contiguous or coexistent with. There is no allegation of any fact in the petition from which it can be determined that any part of the premises involved is adjacent to any part of the boundary of the city. It is stated in the brief of appellees that "The east line of the real estate involved is * * * also the corporation line of the City of Chadron, Nebraska." There is no allegation or claim that any other part of the premises is adjacent or near to any part of the boundary of the city. Contrary to the statement in the brief it is stated in the petition that the east

line of the premises involved is 50 feet west of the east line of outlot "G" as it is described on the plat of Pioneer Townsite Company's First Addition to Chadron. It is established thereby that there is an area at least 50 feet wide between the east line of the premises involved in this case and the east boundary line of the city, and therefore there is an entire absence of any statement of fact that any part of the premises involved borders on the boundary of the city. The petition therefore. fails to show that the tract sought to be detached is not entirely surrounded by other corporate territory.

In this view of the record the petition is defective in substance, and justice and equity do not require the creation of an island of rural land in the city entirely surrounded by urban land. It has been recently decided in Swanson v. City of Fairfield, 155 Neb. 682, 53 N. W. 2d 90, that: "Detachment of land from the corporate limits of a city may be denied where to detach would enhance the difficulties of city administration and would lessen the availability of contiguous urban areas for urban use." The doctrine of this case and the authorities therein referred to are decisive of this appeal.

The judgment should be and is reversed and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.