IN RE ESTATE OF HARRIET T. SCHEER, DECEASED.
ERNEST PAULEY ET AL., APPELLEES, V. DOROTHY SCHEER, APPELLANT.

95 N. W. 2d 672

Filed April 3, 1959. No. 34504.

*Massie, Bottorf & Massie,* for appellant.

*S. W. Moger* and *Waring & Gewacke,* for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

Harriet T. Scheer died testate a resident of Clay County, Nebraska. A large number of bequests were designated in her will for which legatees were specifically named. In addition the will made provision for the disposition of the residuary estate. This case involves nothing related to specific bequests, and nothing in fact except the disposition of a single portion of the residuary estate.

The residuary provision of the will, to the extent necessary to set it out here is as follows: "Any residue and remainder of my estate in excess of the special bequests and legacies hereinbefore made, I give, bequeath and devise share and share alike to my nieces and nephews named herwith (sic); * * * Dorothy Scheer * * *." Twenty-nine persons other than Dorothy Scheer were named in the provision.

By the decree of the county court it was found that each of the 30 residuary legatees was entitled to a share of the residuary estate. By this decree it was also found that Dorothy Scheer Hall was the same person as one named in the residuary provision of the will as Dorothy Scheer and accordingly a share of the residuary estate in the amount of $1,421.72 was awarded to her.

Dorothy Scheer, appellant herein, appealed to the district court from this adjudication and on appeal she contended that she was the person named in the will rather than Dorothy Scheer Hall. Ernest Pauley and Bernard Johnson, executors, were appellees.

In a petition on appeal to the district court filed by the executors of the estate of Harriet T. Scheer, deceased, it was alleged substantially that Dorothy Scheer Hall was a niece of decedent; that before her marriage her name was Dorothy Scheer; and that she was the person named as Dorothy Scheer in the residuary clause

of the will, and accordingly was entitled to take thereunder.

By appropriate pleading Dorothy Scheer denied these allegations and claimed that she was the person named and entitled to take under the will. The allegations in this respect were denied by the executors.

In order to avoid confusion it should be pointed out that Dorothy Scheer Hall was related to the deceased by blood and that before marriage her name was Dorothy Scheer. The appellant was not related to the deceased by blood. She became Dorothy Scheer by marriage to a blood relative of the deceased.

The case was tried in the district court and there it was adjudicated that Dorothy Scheer Hall was the person named in the will and distribution of $1,421.72 was ordered to be made to her. From this adjudication Dorothy Scheer appealed to this court. As in the district court the executors are appellees in this court.

The sole question by this appeal is the propriety of this order. That question comes here for determination on the pleadings and judgment alone. There is no bill of exceptions. No procedural step has been attacked and no contention is made that any legal impairment is present in the pleadings or judgment. The only question therefore is one of fact.

The case must therefore be determined on the question of whether or not the pleadings are sufficient to support the judgment.

In Cozad v. McKeone, 149 Neb. 833, 32 N. W. 2d 760, it was said: "The only question that can be presented to the Supreme Court on appeal, in the absence of a bill of exceptions, is the sufficiency of the pleadings to support the judgment."

In Wabel v. Ross, 153 Neb. 236, 44 N. W. 2d 312, it was said: "In the absence of a bill of exceptions, no question will be considered, a determination of which requires an examination of evidence produced at the trial."

In Palmer v. Capitol Life Ins. Co., 157 Neb. 760, 61 N. W. 2d 396, it was said: "If there is no bill of exceptions, it is presumed in this court that an issue of fact raised by pleading was sustained by evidence and that it was correctly decided by the district court."

An application of these rules to this case as presented leads to the conclusion that the judgment of the district court should be and it is affirmed since, as pointed out, the judgment is supported by the pleadings.

AFFIRMED.

MESSMORE, J., participating on briefs.