In re Estate of Mezzie T. Colman, deceased.
Estate of Mezzie T. Colman, deceased, appellee, v.
Helena Isabelle Redford, appellant.

137 N. W. 2d 822

Filed November 5, 1965. No. 36125.

·· Russell A. Souchek, for appellant.

Robert T. Cattle, Jr., for appellee.

Heard before White, C. J., Carter, Spencer, Boslaugh, Brower, Smith, and McCown, JJ.

Spencer, J.

This case comes before us on a motion of John W. Cattle, administrator c.t.a., of the estate of Mezzie T. Colman, deceased, to dismiss the appeal of Helena Isabelle Redford, for the reason that appellant has no standing in this court and that the appeal is frivolous, vexatious, and fictitious.

Mezzie T. Colman departed this life a resident of Seward County, Nebraska, on May 3, 1964. A petition was filed for the probate of a purported last will and testament. Notice was given by publication, and an affidavit of the mailing of notices on the probate was executed and filed by the attorney for the petitioner. This affidavit specifies that a copy of the notice required in this proceeding was sent to the following

named persons: Milton E. Zillig, R. R. No. 2, Seward, Nebraska; Alta Zillig, R. R. No. 2, Seward, Nebraska; St. Andrew's Church, in care of Reverend L. J. Adams, Seward, Nebraska; and Wood Bros., Seward, Nebraska. The affidavit further states that after diligent investigation and inquiry, the affiant and the petitioner are unable to ascertain and do not know the post-office address of any other person appearing to have a direct legal interest in the action or proceeding other than those to whom notice has been mailed. Proper proof was filed on the publication, and hearing was had at the time assigned and set for hearing on the petition for probate. The will was admitted to probate on May 29, 1964, and no appeal was taken therefrom.

The executor named in the will declined to serve, and John W. Cattle was appointed as administrator c.t.a. The administration proceeded in regular form, and a decree on the final account of the administrator c.t.a. was entered March 19, 1965, ordering the distribution of the estate in accordance with the provisions of the will.

On the 12th day of April 1965, Helena Isabelle Redford, alleging herself to be an heir-at-law and a first cousin of the deceased by blood relationship, for the first time appeared in the proceedings by filing a notice in the county court of her intention to appeal the judgment, decision, and decree on final account. No other pleadings were filed. This appeal was filed in the district court on the 16th day of April 1965, which was within 1 month of the entry of the decree of distribution. On motion of the administrator c.t.a., the appeal was dismissed at appellant's cost. Appellant filed a motion to vacate and set aside the order of dismissal or in the alternative to grant a new trial. This motion was overruled, and appellant has perfected an appeal to this court to which the present motion is addressed.

It seems to be appellant's contention that she is a first cousin by blood relationship to the deceased and an

heir-at-law, and that she was not given notice of these proceedings as provided by section 25-520.01, R. R. S. 1943, which section requires that all persons having a direct legal interest in the proceedings be mailed a copy of the first publication of the published notice in a decedent's estate.

The only information disclosed by the filing herein on behalf of appellant is the statement that appellant is an heir-at-law of deceased and her first cousin by blood relationship. Nowhere in the filing has she alleged the absence of any members of the several classes enumerated in section 30-102, R. R. S. 1943, who would take before first cousins. First cousins are not prima facie heirs, and appellant, without more appearing, even in a proper action, would have no standing. See Sorensen v. Sorensen, 68 Neb. 483, 94 N. W. 540.

Further, appellant's notice of appeal is from the decree on final accounting. The will had been admitted to probate several months previously. Appellant was not a legatee or devisee in said will, and obviously would have no standing at law to question the final accounting.

The sole question before this court is the propriety of the order dismissing the appeal. That question is in this court on the pleadings and judgment alone. There is no bill of exceptions or evidence to supplement the pleadings. We are concerned, therefore, solely with the sufficiency of the pleadings to support the judgment. See Pauley v. Scheer, 168 Neb. 343, 95 N. W. 2d 672. John W. Cattle's motion to dismiss should be sustained.

Ignoring the question of proper pleading, and assuming, for the sake of discussion, that the appellant in the absence of a will would be an heir-at-law, we interpret appellant's brief to suggest that her whereabouts could have been discovered by diligent investigation and inquiry, and that she had no notice of the proceedings herein until after the hearing on the final account of the administrator c.t.a. This is a case of first impression in this jurisdiction, and involves the question as

to whether or not a collateral attack may be made on an order admitting a will to probate, because until the order admitting the will to probate has been vacated, the appellant can have no standing to question the proceeding.

There is also inherent in appellant's pleading the contention that in every probate case personal notice must be given to everyone who conceivably could be found to be an heir-at-law even though their existence is unknown and cannot be ascertained by diligent inquiry. There is no merit to this latter inference. It should be readily apparent that people who have lost contact with relatives do not usually inform their friends and associates of their existence or whereabouts, and in many cases the testators themselves are unaware of their existence or whereabouts. To adopt such a construction would cast a cloud of uncertainty over the admission of every will to probate.

The ordinary objects of a deceased's bounty, who are those who would take in the absence of a will, are entitled to notice to permit them to satisfy themselves that the proposed will has been properly executed. This is required for due process. All due process can require, however, is that personal notice be given to all those whom diligent investigation and inquiry may indicate could have a direct legal interest in the proceedings whose address can be ascertained. All others must be constructively noticed. This our statute requires.

In the instant case the proceedings appear to be regular in every particular. The affidavit on file would indicate that there has been full compliance with section 25-520.01, R. R. S. 1943. The affidavit itself is in the words of the statute, and after listing the parties to whom notice was mailed, reads: "* * * your affiant further states that such party and his * * * attorney, after diligent investigation and inquiry, were unable to ascertain and do not know the postoffice address of any other party appearing to have a direct legal interest

in the above entitled action or proceeding other than those to whom notice has been mailed in writing * * *." This was a sufficient compliance with the statute to give the court jurisdiction.

The order of the court admitting the will to probate is conclusive against collateral attack. In Clutter v. Merrick, 162 Neb. 825, 77 N. W. 2d 572, we said: "The county court is vested by the Constitution and statutes of the state with exclusive, original jurisdiction in all matters concerning the probate of wills and the settlement of estates of deceased persons. The adjudication by the court of a matter within its authority is, unless appealed from, final and not subject to collateral attack." See, also, Byron Reed Co. v. Klabunde, 76 Neb. 801, 108 N. W. 133, and the early case of Loosemore v. Smith, 12 Neb. 343, 11 N. W. 493. To permit a collateral attack would create so much uncertainty and confusion as to the validity of administration proceedings that no one could safely rely thereon.

With reference to appellant's inference questioning the accuracy of the affidavit when it alleges the diligence of the parties in ascertaining possible heirs-at-law, we suggest that if fraud is involved, there is an adequate remedy in the county court. The county court is vested by the Constitution and statutes with exclusive original jurisdiction in the admission of wills to probate. Any remedy the appellant may have is in the sole and original jurisdiction of that court.

For the reasons outlined above, appellant has no standing to prosecute the appeal herein to this court, and the motion to dismiss should be and hereby is sustained.

MOTION TO DISMISS APPEAL SUSTAINED.