REQUESTED BY: Patrick A. Duncan, Franklin County Attorney.
Are the estates of decedents who died before the effective date of the amendment of section 77-2010, R.S. Supp., 1978, increasing the period within which inheritance taxes must be paid to escape interest from ten months to twelve months, entitled to the benefit of this increased period.
Yes.
Before the amendment of section 77-2010 in 1978, this section provided that inheritance taxes should be due and payable ten months after the death of the decedent. If they were paid within that time, no interest was collectable. If they were not so paid, interest was to be collected from the date of the death of the decedent.
In 1978, LB 650 increased the grace period from ten months to twelve months. The effective date of this bill was July 22, 1978. The question is whether the estates of persons who died less than ten months before July 22, 1978 are entitled to the twelve months grace period to pay the tax, or are held to the ten months period.
The general rule is that statutes changing substantive rights will not be given retroactive effect unless that intent is clearly expressed. See Retired City Civilian Employees' Clubof Omaha v. City of Omaha Employees' Retirement System,199 Neb. 507, 260 N.W.2d 472 (1977). However, it is also a well-established rule that amendments to statutes which are procedural in nature are applicable to pending cases which have not been tried. See Oviatt v. Archbishop Bergan MercyHospital, 191 Neb. 224, 214 N.W.2d 490 (1974).
We construe a statute lengthening the period within which the tax must be paid as providing for a procedural change, and therefore are of the opinion that the estates of decedents which were not delinquent on the effective date of the amendment are entitled to the benefit of that amendment, and may escape interest by paying the tax within twelve months after the death of the decedent.
We realize that there may be some confusion because of our opinion of April 30, 1976, Report of the Attorney General 1975-1976, page 310, in which we discussed some 1976 amendments of the inheritance tax laws. In those amendments, the grace period for the payment of the tax had been reduced from sixteen months to ten months. In that opinion we said that amendments resulting in different due dates for the tax should not be applied to estates of decedents dying before the effective date of the act. We believe we were correct in that conclusion, but an explanation is probably in order, so that it will not appear that this opinion is inconsistent with the former opinion.
A basic presumption in statutory construction is that the Legislature intended to act fairly and not to perpetrate injustice. Of course, it takes a certain amount of time and work to get inheritance taxes determined and paid. Representatives of estates plan their activities to complete such steps in accordance with the law.
Under the former law, they had sixteen months to complete these steps. If, on the effective date of the act six of those months were suddenly cut off, it might be difficult or impossible for the representatives to comply. Furthermore, as to some estates the ten months would already have elapsed, putting them immediately in default, although much of the sixteen months still remained. Under those circumstances, we felt a reasonable construction of the statute would permit such estates to use the old sixteen months period.
This same reasoning has been applied by our court inRaddatz v. Christner, 103 Neb. 621, 173 N.W. 677 (1919), and Cozad v. McKeone, 149 Neb. 833, 32 N.W.2d 760
(1948). In those cases the court held that statutes shortening the time within which appeals can be taken do not apply to judgments, decrees, or orders rendered or entered before the statute took effect.
We therefore believe a distinction must be made between a statute lengthening a period within which something is required to be done, and one shortening that period. Both are, we suppose, procedural changes, but one shortening the period can have substantive consequences, and should not be applied retroactively. The one lengthening the period, at least in this instance, should be treated as an ordinary procedural change, and the estates involved should be given the benefit of it.