REQUESTED BY: Jack Romans, Chairman, Nebraska Public Service Commission.
Are feed and seed dealers who purchase grain for processing and sale as feed or seed grain buyers and sellers within the meaning of section 88-518, R.R.S. 1943, and thus, required to be licensed as such by the Public Service Commission.
No.
Section 88-518, R.R.S. 1943, provides in pertinent part:
 "Any person, firm, cooperative, or corporation, other than a public grain warehouseman licensed as such in this state, who shall purchase grain from the owner thereof for the purpose of resale, . . . shall first procure a license therefor from the Public Service Commission before transacting such business and shall be subject to such rules and regulations as may be reasonably and appropriately promulgated by the commission for its enforcement and administration of the provisions of this section. . . ."
The descriptive character contained in this statute which would render any particular person or firm subject to its application is that the grain must be purchased for the purpose of resale. Obviously, feed and seed dealers purchase grain in order to produce feed or seed for subsequent sale. Thus, the key question for purposes of this inquiry is whether or not the subsequent sale as feed or seed is `resale' within the meaning of section 88-518.
On the basis of a reading of the statute in question alone, giving the customary and usual meaning to the terms contained therein, it is our view that implicit in the use of the term `resale', is reference to the very same grain, in the very same state or condition, which was originally purchased. By this interpretation, feed and seed dealers do not resell the grain as originally purchased. They resell feed and seed derived from processing that grain. Thus, we conclude that feed and seed dealers do not purchase grain for the `purpose of resale' contemplated by section 88-518.
Admittedly, there is nothing in the legislative history of this statutory provision relating to this precise question. However, we note that the Public Service Commission has always construed it consistent with our view. In the absence of any legislative history contrary thereto, we are mindful that the interpretation given to a statute by an administrative agency to which the statute is directed is entitled to great weight. ATS Mobile Tel., Inc., Omaha v.Curtin Call Communications, Inc., 194 Neb. 404,232 N.W.2d 248 (1975). In fact, on a number of occasions the Nebraska Supreme Court has stated:
 "The construction of a statute of doubtful meaning given it by those whose duty it is to enforce it, and which construction the Legislature has, by its continued noninterference for a number of years, acquiesced in, will be approved unless, as thus construed, it contravenes some provision of the Constitution, or is clearly wrong. . . ." International Brotherhood of Electrical Workers v. City of Hastings, 179 Neb. 455, 459, 137 N.W.2d 822 (1965).
For the foregoing reasons, it is our opinion that feed and seed dealers who purchase grain which they process and subsequently sell as feed or seed are not grain buyers and sellers as contemplated by section 88-518.